Daniels J.
The grounds upon which the motion has been made for a re-argument are very much the same as those relied upon in support of the appeal, and which have already been considered.
It is now again urged, that the plaintiffs, as administrators, under letters issued to them by the surrogate of the county of New York, are not entitled to maintain this action, which is for moneys deposited by them on the 14th of November, 1883, in the Marine National Bank. But if that point could be maintained it would not result in reversing the judgment, or directing a new trial of the action, for all the facts attendant upon the transaction were set forth in the complaint, and if the plaintiffs were not at liberty to recover as such administrators, as these facts presented a right of action upon which they could recover as individuals, they would still be entitled to judgment upon proof establishing the truth of these allegations. For where the facts are clearly set forth in the pleadings, as they are in this complaint," and they disclose a legal right of action in the plaintiffs, it has not been the practise to dismiss the action and require-another, more strictly and accurately formal, to be brought for the recovery of the money. This was considered to be the rule in Biddle v. Wilkins, 1 Pet., 686, where it was said, in the course of the opinion of the court, “ that it is not necessary in cases like the present *137 for the plaintiff to name himself, as administrator, follows as a matter of course, from his not being bound to make proferí of his letters of administration. And that when he does so name himself, it may be rejected as surplusage is well settled by numerous authorities.” And the case of Talmage v. Chapel, 16 Mass., 71, was approvingly cited as supporting this view. And it was followed in Ducker v. Rapp, 67 N. Y. 464, where the plaintiffs described themselves as executors, and it appeared they should have claimed to recover as trustees, but upon the facts appearing, their action was not deemed to be defective on this account. And a somewhat similar view was taken by the court in Davis v. Garr, 6 N. Y., 124.
The Code of Civil Procedure by sec. 1207 also requires this rule to be followed, where an issue of fact has been joined by the pleadings. For that has provided: “ Where there is an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue.” If the plaintiffs were not entitled to recover as administrators appointed by the surrogate of the county of New York, it was still consistent with the case that they should be permitted to recover as individuals upon the facts set forth in the complaint.
They were not precluded from doing so by what took place at the commencement of or during the trial, for what then transpired in the disposition of the defendants’ motion to dismiss did not confine or restrict the plaintiffs to the right to maintain the action solely as administrators. That it should be so maintained was the view of the action expressed by the counsel for the plaintiffs, but it did not conclude them, or operate to the prejudice or injury of the defendants, in such a manner as to render this principle inapplicable to the controversy.
The instrument upon which the action was brought stated the money to have been deposited with the bank, and the evidence of Mr. Fish, its president, supported tile allegation that it was so deposited. The difference between the parties, and the point on which the- controversy hinged at the trial, was *138 whether the deposit was so made to remain with the bank subject to its own disposition, or whether it was simply, an artifice by which the money deposited should be placed under the control of the president of the bank to be used for speculative purposes by him, for his benefit and the benefit of the plaintiff, Samuel Bingham, or of his son, W. H. Bingham, and whether under that authority it was so used. The evidence of the president of the bank had a direct tendency to establish this to have been the object and understanding upon making the deposit. But the testimony of the plaintiff Bingham was directly in conflict with this view, tending to establish the fact that this money was not to be so used, or imperilled, as the fact afterwards proved to be, if it had been invested in the notes of Grant & Ward.
As has already been stated, it is quite probable that this deposit was made with the bank to be held for the benefit of the estate of which the plaintiffs were administrators,, and in that manner permit other funds of the bank to an equal amount to be employed in the speculative business carried on by Mr. Fish. The execution and delivery of the certificate of deposit tended to maintain that view, for the money was stated to have been deposited in the bank, and to be payable only on the surrender of the certificate. And as the certificate was not surrendered at any time, there was no actual or technical payment of the money, within the terms of the agreement, by Fish drawing a similar amount from the bank, and using it in the paper of Grant & Ward.
The letter written by Mr. Fish on the 9th of November, 1883, is affirmed to be so inconsistent with the evidence of Bingham on this subject as to entitle it to be followed as controllingin the disposition of the appeal. But such is not regarded as its proper construction. It is true that it provides for the payment to Bingham of two and a half per cent, per month on the sum of fifty thousand dollars and three per cent, on such further sum or sums as he might furnish from time to time, payable, at the time the discounts are made, and if Bingham deposited fifty thousand dollars more, that there should be *139 given to him a Marine Bank certificate of deposit bearing four per cent, interest, and that Mr. Fish should pay to Bingham one and three fourths per cent, per month on such fifty thousand dollars, payable on the first of each month.
But this letter does not prove the fact to be that the money deposited or evidenced by the certificate should be used or employed in discounting the notes of Grant & Ward, or any other person or persons. But it expresses an undertaking on the part of Mr. Fish to pay these sums to Bingham in case such deposits should be made, and is entirely consistent with the view already expressed, that the money evidenced by the certificates themselves was not to be removed from the bank or the certificates themselves discharged, or paid, by the money which might be used in making discounts and supplying Fish with the ability of paying these sums. This letter, as well as the one written on the 14th of ¡November, is consistent with the form of the transaction as that has already been mentioned. And that is, that the business between Bingham and the bank was that of a deposit of this sum of money to be repaid to the plaintiffs only on the surrender of the certificate, and that the bank being supplied with so much money in this manner placed Mr. Fish in a position where he could use a corresponding amount of its funds in the speculations stated by him to have been carried on, and out of which the large percentages were expected to be realized.
It is true that the evidence given by Bingham,' one of the plaintiffs, was not free from criticism or suspicion, but it was nevertheless for the jury to determine what was its appropriate weight and effect. And in determining that, both the certificate and the letters were further additional evidence to be considered, not free from ambiguity, but still capable of being so understood and applied as to maintain the right of the plaintiffs to recover this money.
The money deposited was so much of the estate of a deceased person committed to the custody of the plaintiffs as administrators. They held it not for their own benefit but in trust, and had no lawful power or authority to appropriate it *140 to the speculations in which Mr. Fish, according to his evidence, appears to have been engaged. And before the right of the estate to recover it could be forfeited, the fact was required to be substantiated by reliable proof that the money itself, evidenced by the certificate, had been taken from the bank and misappropriated in the manner in which it has been alleged it was by way of defence. The jury did not consider the fact to have been so proven, and, as the case is presented, it cannot be held that they have erred in' the application which they made of the evidence to the disposition of the controversy.
The motion for a re-argument- should therefore be denied.