PHENIX NAT. BANK *v.* A. B. CLEVELAND Co., Limited, *et al.*

(*Supreme Court, General Term, Fourth Department.*  November, 1890.)

**1.** CORPORATIONS—ACTION BY CREDITORS—ALIENATION OF CORPORATE PROPERTY.
    A complaint alleged that defendant was a domestic corporation; that plaintiff
was a judgment creditor of the corporation; that the company delivered a large
quantity of its bonds to some of the stockholders, defendants, for purposes foreign
to its lawful business, as was well known to the latter; that, to secure these bonds,
a mortgage was executed to them of all the real and personal property of the
company; that such mortgage was made in contemplation of insolvency; that,
a few days after, the mortgagees, to prevent creditors of the company from ob-
taining their lawful demands, took possession of the goods of the company, and
sold, or were about to sell, them, and apply the proceeds to their own use, and
the use of the holders of said bonds; that, shortly afterwards, the mortgage was

foreclosed, and a judgment recovered by default, directing a sale of the real estate; that certain directors and stockholders of the company procured the incorporation of a new corporation; and that all these proceedings were a part of a fraudulent plan to transfer the property of defendant company to the new corporation for a nominal price, and to defeat the rights of creditors of defendant company. The relief demanded was that the mortgage be set aside, a sale of the real estate restrained, and the personal property restored to defendant company. *Held*, that the complaint stated a good cause of action under Code Civil Proc. N. Y. §§ 1781, 1782, providing that a judgment creditor can maintain an action to compel the officers of a corporation to account for their official conduct in the disposition of the company's funds, and to pay over money or property acquired to themselves, or transferred to others, by a violation of their duties, as well as to set aside any alienation, or threatened alienation, of the company's property, contrary to the law, or for a purpose foreign to its lawful business.

**2.** SAME—NECESSARY PARTIES.
There was no defect of parties defendant in the omission of the names of the creditors to whom the bonds were delivered. and to whose use the proceeds of the property had been applied.

Action by the Phenix National ·Bank ·against A. B. Cleveland Company, Limited, Conrad N. Jordan, Peter W. Gallaudet and George M. Hard, impleaded with others.    Defendants demurred to the complaint on the grounds (1) that it did not state facts sufficient to constitute a cause of action; (2) that there was a defect of parties defendant.    It is in substance alleged in the complaint that the A. B. Cleveland Company, Limited. was a domestic corporation; that the defendant Hard was president, and the defendant Stearns treasurer, of such corporation; that defendants Hard, Stearns, Jordan, Thurber, and Gallaudet were stockholders; that the plaintiff was a judgment creditor of the defendant corporation; that the debt upon which such judgment was rendered arose before the issuing of the bonds, or the giving of the trust-deed herein mentioned; that said corporation, contrary to statute, made and delivered 425 bonds, of $1,000 each, to the defendants Jordan. Thurber, and Gallaudet, for purposes foreign to the lawful business and objects of the defendant corporation, as was well known to said defendants; that by the defendants Hard and Stearns, its president and treasurer, contrary to the statute, and for ·purposes foreign to its lawful business or objects, as was well known to the defendants Jordan, Thurber, and Gallaudet, it also made and executed to Jordan, Thurber, and Gallaudet a mortgage or trust-deed of all its property of every kind whatsoever, and wherever situated, to indemnify the defendants Jordan, Thurber, and Gallaudet for future loans and advances, and to secure the payment of such bonds; that said instrument also provided that, until default in the payment of the interest on said bonds, the defendant corporation should hold its property as agent for the defendants Jordan, Thurber, and Gallaudet, and carry on its business as such agent; that a large number of the bonds were owned by the defendants Hard, Stearns, Jordan, Thurber, and Gallaudet, and others were owned by certain creditors of the defendant corporation, but none were owned by the plaintiff; that, before said mortgage was made, the said corporation had failed to pay its lawful notes and drafts on which it was liable, and actions had been commenced against the defendant corporation thereon; that such corporation was largely in debt when the mortgage or trust-deed was given; that all the defendants, except the defendants Emerson and the Farmers' Bank of Rome, well knew that the defendant corporation was, or was about to become, insolvent; that such mortgage or trust-deed was made in contemplation of insolvency, and to the benefit of the stockholders, and to the detriment of its creditors; that a few days after said mortgage or trust-deed was given, the defendants Jordan, Thurber, and Gallaudet, claiming to act under the alleged power conferred by said mortgage, and solely for the purpose of preventing creditors of the defendant corporation from obtaining their lawful demands, seized and took possession of the goods and chattels of the defendant corporation, and sold, or were about to sell, them, and apply the pro-

ceeds to their own use, and to the use of certain creditors and holders of said bonds; that, shortly afterwards, the defendants Jordan, Thurber, and Gallaudet commenced an action against the defendant corporation, and foreclosed said mortgage or trust-deed; that no defense was interposed; that a judgment was recovered directing the sale of the real estate of the defendant corporation, and the defendant Emerson was appointed to make such sale; that notice thereof had been given; that the defendants Jordan, Thurber, and Gallaudet, and certain directors and stockholders of the defendant corporation, procured to be incorporated, under the laws of the state of New Jersey, the Cleveland Seed Company; that defendants, except Emerson and the Farmers' Bank of Rome, well knew that the defendant corporation would be unable to pay the interest on said bonds; that the making of the bonds, the execution of the mortgage or trust-deed, the commencement of the action of foreclosure, the obtaining of a judgment therein, the proposed sale, and the incorporation of the Cleveland Seed Company were a part and parcel of a plan or scheme collusively and fraudulently entered into by and between the defendant corporation and the defendants Jordan, Thurber, Gallaudet, Hard, and Stearns, and certain other directors, stockholders, and creditors of the defendant corporation, whereby all the property of the defendant corporation should be purchased at a nominal price, and transferred to the Cleveland Seed Company, and whereby the lawful claims of the plaintiff and other creditors of the defendant corporation should be extinguished, to the benefit of the directors, stockholders, and certain creditors of said corporation; that said mortgage or trust-deed was made with an intent to hinder, delay, and defraud the plaintiff of its lawful debts against such corporation. The relief demanded by the plaintiff was (1) that said deed of trust or mortgage be set aside; (2) that the judgment of foreclosure and sale be vacated; (3) that the defendants Jordan, Thurber, Gallaudet, and the defendant Emerson be restrained from selling the real estate of the defendant corporation; (4) that the defendants Jordan, Thurber, and Gallaudet be directed to transfer to the defendant corporation all the personal property seized by them, and in their possession, and that they account for the proceeds of that which had been sold. The demurrer was overruled and defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*James Dunne,* for appellants.   *J. C. McCartin,* for respondent.

MARTIN, J.   It is quite obvious that this action was brought under sections 1781 and 1782 of the Code of Civil Procedure, which, so far as material to the questions involved, are as follows: "Sec. 1781. An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires: (1) Compelling the defendants to account for their official conduct in the management and disposition of the funds and property committed to their charge; (2) compelling them to pay to the corporation which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost or wasted by a violation of their duties. * * * (5) Setting aside an alienation of property made by one or more trustees, directors, managers, or other officers of a corporation, contrary to a provision of law, and for a purpose foreign to the lawful business and objects of the corporation, where the alienee knew the purpose of the alienation; (6) the restraining and preventing such alienation where it is threatened, or where there is good reason to apprehend that it will be made.   Sec. 1782. An action may be brought, as prescribed in the last section, by the attorney general in behalf of the people of the state, or, except where the action is brought for the purpose specified in subdivisions three and four, by a creditor of the corporation."

All the allegations of the complaint are admitted by the defendants' demurrer, as well as what can by reasonable and fair intendment be implied therefrom, as a complaint will be deemed to allege what can by reasonable and fair intendment be implied from the allegations therein. *Marie* v. *Garrison*, 83 N. Y. 14; *Lorillard* v. *Clyde*, 86 N. Y. 384; *Milliken* v. *W. U. Tel. Co.*, 110 N. Y. 403, 18 N. E. Rep. 251. The defendants' demurrer not only admits that the mortgage or trust-deed was given, contrary to statute, and for purposes foreign to the lawful business and objects of the defendant corporation, and that this was known to the defendants who took such mortgage or trust-deed, but it also admits that the making of the bonds, the execution of the mortgage, the commencement of the action of foreclosure, the obtaining of a judgment therein, the proposed sale of the property of the defendant corporation, and the incorporation of the Cleveland Seed Company were a part of a collusive and fraudulent plan or scheme entered into by the officers of the defendant corporation, with the other defendants, to transfer the property of the defendant corporation to the Cleveland Seed Company for a merely nominal price, and to defeat the rights of the creditors of the defendant corporation. These allegations were, we think, sufficient to show that the officers of the defendant corporation had acquired to themselves, or transferred to others, property of the corporation, in violation of their duties, the value of which they should be compelled to pay to said corporation. But the appellants contend that the complaint cannot be sustained, because no alienation of the property of the defendant corporation is alleged. Their claim is that the giving of a mortgage does not constitute an alienation of property, within the meaning of the statute under which this action was brought. We do not deem it necessary to a proper determination of this case that we now decide whether the giving of a mortgage on real property amounts to an alienation of the property mortgaged within the provisions of the Code. A judgment creditor may maintain an action to compel the officers of a corporation to account for their official conduct in the disposition of the funds and property committed to their charge, and to pay the corporation or its creditors any money or property which they have acquired to themselves, or transferred to others, by a violation of their duty, as well as to set aside and prevent any alienation, or threatened or apprehended alienation, of the property of the corporation contrary to law, or for a purpose foreign to its lawful business. The complaint in this action not only shows that the defendants who were officers of the corporation had violated their duties by the wrongful transfer of property which belonged to the defendant corporation, but also that there had been an alienation of such property by the officers, contrary to law, and for a purpose foreign to the business and objects of the corporation. It is alleged that a mortgage on all the personal property of the corporation was given by its officers, and that, after default, other of the defendants seized and took possession of it, and had sold, or were about to sell, the same. The title of a mortgagee of chattels upon default becomes absolute in law, and his right of possession perfect. The only right a mortgagor has is the right of redemption, which may be barred by a sale of the property; and the default is as perfect when there is a default in the payment of an installment as in the payment of the whole debt. *Judson* v. *Easton*, 58 N. Y. 664; *Halstead* v. *Swartz*, 1 Thomp. & C. 559. In the case at bar, the defendants had taken actual possession of the personal property of the corporation, thus having not only acquired the legal title, but the possession, and had sold, or were about to sell, the same, and apply the proceeds thereof to their own use. We think this amounted to an alienation. If, however, the allegations of the complaint were insufficient to show that an actual alienation had been completed, they were clearly sufficient to show that an alienation was threatened, or was with good reason to be apprehended.

That the allegations of the complaint were sufficient to establish an alienation of the personal property of the defendant corporation, or at least a threatened or apprehended one, we cannot doubt.   The appellants' contention that this ground of demurrer should be upheld because the facts stated would not justify the relief demanded cannot be sustained.   We think the facts alleged fully justified the demand for a portion, if not for all, the relief sought. Moreover, if the proper form of relief was not demanded, the complaint was not demurrable for that reason.  *Hemingway* v. *Poucher*, 98 N. Y. 281; *Hall* v. *Hall*, 38 How. Pr. 97.   We are of the opinion that the complaint stated facts sufficient to constitute a cause of action, and that the court properly overruled that ground of defendants' demurrer.

This brings us to the question whether there was a defect of parties defendant.   The appellants allege "that there is a defect of parties defendant in the omission of the names of the creditors of the A. B. Cleveland Company, Limited, to whom the bonds issued by said company were delivered, as alleged in the twelfth paragraph of the complaint, and to whose use the proceeds of the property sold by the trustees have been applied, as alleged in the sixteenth paragraph of said complaint."   In the twelfth paragraph of the complaint it is alleged that a portion of the bonds wrongfully issued by the defendants was owned by certain unnamed creditors of the defendant corporation.   If we assume that the appellants' demurrer was sufficient to present the questions sought to be raised, it leads us to inquire whether creditors holding a portion of the bonds wrongfully issued by the defendants were necessary parties to this action.   That they were proper parties is not enough. Unless they were necessary parties, demurrer will not lie.   *Wing* v. *Bull*, 38 Hun, 291.   "The Code permits all those who have an interest in the action, or any property, the title to which may be affected, to come in, but it does not require any to be brought in except those without whose presence no effective judgment could be had.   Such are the only necessary parties to an action." 1 Rum. Pr. 105, and cases cited.   "Necessary parties are those without whom no decree at all can be effectively made determining the principal issues in the case."   Pom. Rem. § 329.   There seems to be a well-recognized distinction between the case of an action brought in hostility to a trust to set aside the deed or other instrument by which it was created and that of an action brought in furtherance of a trust to enforce its provisions.   In the former case, the suit may be maintained without the presence of the beneficiaries, since the trustees represent them all, and defend for them.   In the latter, all the beneficiaries must be joined, if not as plaintiffs, then as defendants.   As illustrating this doctrine see *Rogers* v. *Rogers*, 3 Paige, 379; *Russell* v. *Lasher*, 4 Barb. 232, 237; *Loomis* v. *Cline*, Id. 456; *Wheeler* v. *Wheedon*, 9 How. Pr. 293; *Bartlett* v. *Drew*, 57 N. Y. 587; *Wheeler* v. *Millar*, 90 N. Y. 361; *Hatch* v. *Dana*, 101 U. S. 205.   As this action was brought in hostility to the trust created by the mortgage or trust-deed, set out in the complaint, to have the same set aside as void, it is quite manifest, we think, that the creditors holding bonds secured thereby were not necessary parties, and that the special term committed no error in refusing to sustain the appellants' demurrer upon that ground.   If correct in these conclusions, it follows that the interlocutory judgment appealed from should be affirmed.   Interlocutory judgment affirmed with costs, but with leave to the appellants, on payment of the costs of the demurrer, and the costs of this appeal, to withdraw their demurrer, and answer within 20 days after a copy of the judgment of this court, affirming the judgment of the special term, shall be served upon them.   All concur.