(11 App. Div. 517.)

WATKINS et al. v. WATKINS & TURNER LUMBER CO. et al.

(Supreme Court, Appellate Division, Third Department.   December 8, 1896.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—DISSOLUTION.

An action by a stockholder to compel the directors to account to the cor-poration for money due it from them, and to enjoin them from carrying out an alleged intent to sell the property of' the corporation in such manner as will enable them to purchase for themselves at less than its actual value, is not rendered an action to dissolve the corporation merely because the com-plaint, in addition to other relief, asks for the appointment of a receiver.

2. SAME—CHARGING DIRECTORS WITH MISCONDUCT.

A complaint by the stockholders of a corporation against the officers and directors sufficiently charges that defendants have made use of their position in order to secure undue benefits to themselves, where it alleges that defend-ants are, and for some years have been, allowing each other to appropriate to his own use property of the corporation, and that they agreed on a plan to sell all the property of the corporation, in such manner as will allow them to become possessed of it all in their individual right, at less than its actual value; that each has become largely indebted to the corporation; that the value of its stock is greatly depreciated; that no dividends are paid; and that, if the sale is allowed to proceed, great loss and injury will accrue to the corporation.

3. PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.

Only one cause of action is stated in a complaint by the stockholders of a corporation against the officers and directors, alleging that defendants have become indebted to the corporation; that the value of its stock is thereby greatly depreciated; that they have agreed on a plan to sell the property so that they can purchase it for their own benefit at less than its value; and that such sale will cause great loss to the corporation; and asking judgment that defendants be required to account for the amounts which they owe the corporation; that they be restrained from making the sale; and that a re-ceiver of the corporation be appointed.

Appeal from special term.

Action by Harriet A. Watkins and Henry Watkins, as adminis-trators, against the Watkins & Turner Lumber Company and others for an accounting and injunction.   From an interlocutory judgment overruling separate demurrers interposed by the defendants to the complaint, defendants appeal.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-WIN, and PUTNAM, JJ.

Weeds, Smith & Conway, for appellants Benton Turner and Hen-ry E. Barnard.

Swift & Bell, for appellants Charles H. Turner, Annette L. Tur-ner, and Watkins & Turner Lumber Co.

A. X. Parker (Thomas Spratt, of counsel), for respondents.

PARKER, P. J.   If we are compelled to look upon this action as one to dissolve the corporation, and distribute its assets, through the medium of a receiver, it may be that it would be one that could not be maintained by a stockholder; and the defendants' counsel insists that we must hold it to be such an action, because an appointment of a receiver of all the property and assets of the corporation is a part of the relief prayed for.   In the complaint be-fore us there is no averment of facts that would warrant a disso-

lution of this corporation at the suit of any person (Code, §§ 1784, 1785, 1798), nor is any such relief asked for. On the contrary, it is asked that the officers pay to the corporation, after an accounting, such amounts as shall be found due to it from them, which is quite inconsistent with a scheme to wind up its business, and distribute its assets among its stockholders. Neither does a receiver seem to be at all necessary to secure the relief which is asked as against the defending officers. The scheme of the complaint is simply this: It charges substantially that the officers of the corporation are now, and for some years have been, allowing each other to appropriate to his own use the property of the corporation; that each has done so to a large extent; and that now they are agreed upon a plan to sell at public sale the whole of its property, in such a manner as will allow them to become possessed of it all, in their own individual right, at a much less price than its actual value, and that such is their intent and purpose in making the sale; that, owing to such conduct, they have each become largely indebted to the corporation; that the value of the stock is thereby greatly depreciated; that no dividends are paid, and that, if the sale is allowed to proceed, great loss and injury will accrue to the corporation; that no action is taken to collect or secure such indebtedness, nor is any interest paid or charged thereon. It is also charged in the complaint that the control of the corporation is wholly in the hands of the defending officers, and that it would be utterly unavailing to apply to the corporation, or any of its officers, to bring an action for any redress or relief against them. Upon such facts, it asks that the plaintiffs, as stockholders, be granted a judgment requiring the officers, who have thus misappropriated the funds and property of the corporation, to account for the gains which have thereby accrued to them, and to pay over the amount thereof into its treasury. They also ask that they be restrained from making the sale therein complained of. It is to be noticed that no injunction is asked against the officers, which would in any manner suspend or interfere with the general and ordinary business of the corporation, or suspend from his office, or restrain from the performance of his official duties, any or either of the defendants. I cannot construe such a complaint as being one to dissolve the corporation, or to suspend or remove from office any director or other officer, merely because it also asks for the appointment of a receiver. Strike out that part of the prayer, and the question remains whether the facts averred do not warrant the rest of the relief asked. If they do, then they constitute a cause of action, and a demurrer on that ground cannot be sustained. The prayer for the receiver in such a case does not shape or control the character of the action. It is but asking more relief than the plaintiffs are entitled to. If the proper form of relief was not demanded, the complaint is not demurrable for that reason. If the facts alleged justify a part of the relief asked, it is sufficient. Phenix Nat. Bank v. A. B. Cleveland Co., 11 N. Y. Supp. 873, 877; Hemmingway v. Poucher, 98 N. Y. 281, 287.

Construing the complaint as above stated, the case of Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, is a clear authority that it states a cause of action that can be maintained by these plaintiffs. In that case stockholders were allowed to maintain an action against the trustees and officers of a corporation, because, the corporation being entirely in the control of the offending officers, relief to the stockholders could be secured in no other way. Also, in that case the basis of the action and the relief asked was precisely such as appears in this complaint, to wit, that the officers were mismanaging the property to their own personal advantage, and had thereby acquired funds and property of the corporation, for which an accounting was asked, and a payment to the corporation of the amount found due. The additional claim in this action, that the officers be restrained from making an unlawful sale of the whole assets of the corporation to themselves, does not extend beyond the principle recognized and allowed in that case, and it is not, as I have shown above, so broad as to violate any statutory prohibition. It is also said in that case:

"When it can fairly be gathered from all the allegations of a complaint that the officers and directors of a corporation have made use of relations of trust and confidence in order to secure or promote some selfish interest, enough is then averred to set a court of equity in motion, and to require an answer from the defendants in regard to the facts."

Clearly, the facts averred in this complaint are sufficient to bring it within that rule; and I conclude that it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action in favor of these plaintiffs.

There can be no doubt but that this is a purely equitable action. Brinckerhoff v. Bostwick, 105 N. Y. 567, 12 N. E. 58. The plaintiffs make no attempt to enforce, in their own favor, any common-law liability against the defendants, or either of them. They are proceeding in equity to secure an accounting from each of the officers, for the value of any property which they have acquired to themselves, or transferred to others, or lost or wasted by a violation of their duties; and they have averred sufficient facts to show that, upon such an accounting, some amount will be found due and owing to the corporation. They also state sufficient facts to show that a judgment restraining the contemplated sale of all its assets is necessary and proper. These are the facts upon which they rely, and such is the relief asked for. There may be some averments of facts in the complaint that show an individual indebtedness from each of such officers, not arising out of any official misconduct. So far as any claim based upon such facts shall appear upon the accounting to be within the scope of the relief which a court of equity may render in this action, such facts will become pertinent; otherwise, they will be deemed surplusage, for they are not set up as constituting any separate and distinct cause of action. But the one cause of action is set forth; and in that cause of action all the parties are interested. It is a cause of action that will inure to the benefit of all the stockholders, and is properly brought

in their interest. Hence the defendant Annette L. Turner, as a stockholder, as well as all the other stockholders, are properly made parties. Although the plaintiff Henry Watkins does not appear as a plaintiff personally, he is before the court, and has averred in the complaint that he is a stockholder, and undoubtedly would be bound as such by any judgment that shall be entered in the action. Bingham v. Bank, 18 Abb. N. C. 135; Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58. All the stockholders, therefore, are before the court. The action is a purely equitable one, consisting of but a single cause of action, and therefore, in my judgment, none of the grounds of demurrer to the complaint are well taken. O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371; Wood v. Furniture Co., 92 Hun, 22, 37 N. Y. Supp. 885; Proctor v. Furniture Co., 8 App. Div. 42, 40 N. Y. Supp. 454.

The judgment appealed from is affirmed, with costs, and with leave to the defendants to answer the complaint herein within 20 days after the service of a copy of the order of affirmance upon their respective attorneys, and upon payment to the plaintiffs of one bill of costs. All concur.