(28 Misc. Rep. 409.)

### SPROGG v. DICHMAN et al.

(Supreme Court, Special Term, New York County. July, 1899.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PARTIES.

    In a suit by a creditor to set aside an assignment by his debtor of a seat in the stock exchange to one who was to act merely as agent for the sale of the seat, and to pay the proceeds to a third person, such third person is a necessary defendant.

2. SAME.

    In such suit the stock exchange is not a proper party defendant, there being no allegation of any threatened action on its part impairing plaintiff's rights.

3. COSTS.

    Costs may be awarded a defendant against the plaintiff notwithstanding the plaintiff states in his complaint that costs will not be asked against such defendant, where the defendant reasonably defends the action.

Action by Carroll Sprogg against Earnest Dichman and others. Dismissed as to defendant Eames.

Gilbert D. Lamb, for plaintiff.

Morris Cukor, for defendant Dichman.

Lewis Cass Ledyard, for defendant New York Stock Exchange.

C. Bainbridge Smith, for defendant Savage.

RUSSELL, J. The impression that Van Doesburgh is a necessary party defendant, formed upon the trial and announced to counsel, has deepened upon a review of the case and all of the evidence. There is no doubt that a trustee of an express trust may sue without joining the beneficiary, and be sued by those antagonizing the trust or seeking to enforce its provisions. Code Civ.

Proc. § 449; Vetterlein v. Barnes, 124 U. S. 169, 8 Sup. Ct. 441; Phenix Nat. Bank v. A. B. Cleveland Co. (Sup.) 11 N. Y. Supp. 873. But in the case at bar Richard Henry Savage was a mere agent to take the assignment of the seat in the stock exchange of the defendant Dichman, to sell the same, and apply the proceeds to the payment of any dues owing the exchange, and the balance upon the alleged indebtedness of Dichman to Van Doesburgh. He was merely an agent, with no power of use or disposition over the seat, except as directed by the beneficiary. He did not have any title, and could as well have accomplished all practical purposes by a mere power of attorney. He now declines to further act even in that capacity, though no formal substitution in his place has been made, and has no real interest in the subject-matter involved, even as trustee, although he once accepted the transfer. He is, therefore, not one of those trustees whom the court can discharge, and in whose place the court may appoint another. I see no reason why, with the assent of Van Doesburgh, the defendant Dichman might not revoke the authority of Savage. Again, Dichman testified, without any contradiction save the inferences which may be drawn from his own testimony, that he made an absolute sale to Van Doesburgh, irrespective of the power conferred upon Savage. If the court is to credit this testimony, Van Doesburgh has the absolute interest if the transaction was free from fraud, and Savage has no possible interest or title. How, then, can this court adjudge the transfer for the benefit of Van Doesburgh to be void or valid in a litigation brought by a creditor to set aside the transfer as fraudulent when Van Doesburgh, the only existing claimant to the seat, is not a party to the litigation? I do not think a judgment against Savage would bind Van Doesburgh under the circumstances of the case, nor a judgment in favor of Savage would operate conclusively in favor of Van Doesburgh. I see no reason, therefore, why the court, of its own motion, must not, under the provisions of the Code, adjudge that a complete determination of the controversy cannot be had without the presence of Van Doesburgh, and direct him to be brought in, so that a finality may be reached in this controversy, if the courts have to decide upon the issues between the parties claiming this seat in the New York Stock Exchange.

There was no necessity for joining the stock exchange as a party defendant. The plaintiff has no controversy with that association, nor is there the slightest allegation or proof of any threatened action on its part to impair the rights of the plaintiff. A bare notice of the controversy to the stock exchange was all that was necessary, especially in view of the control which the stock exchange has over its seats in the exclusion of persona non grata, although that seat is a valuable asset. The prayer of the complaint saying that costs will not be asked against the stock exchange unless it unreasonably defends is insufficient to avoid costs, because, being made party defendant in an action in which it might be adjudged that a peremptory sale be had of the seat, such a judgment might bind the stock exchange to recognize the

grantee, unless its own rules and regulations were called to the attention of the court, and so the necessity came for it to defend itself. The complaint is dismissed as to the defendant Eames, president of the exchange, with costs.

Complaint dismissed as to defendant Eames, with costs.