presented for the exercise of such discretion. The plaintiff in this action, although appearing as administratrix, is in fact the real party in interest. The court is not justified in extending its discretion to a case of this character, unless it is manifest that there is bad faith involved, or some other serious objections to the party proceeding without the guaranty provided for by the Code. When the defendant invokes discretion under section 3271, he must apply to the court, and necessarily upon notice. Pursley v. Rodgers, 44 App. Div. 139, 142, 61 N. Y. Supp. 1015. In the absence of such procedure, this court will not presume that plaintiff's attorney has waived any of the rights of his client, in support of an order which may deprive the plaintiff of the power of enforcing a meritorious claim.

The order appealed from should be reversed, and the order granting defendant's motion should be vacated and set aside, with costs. All concur.

---

(33 Misc. Rep. 47.)

### WHITMAN v. HOLMES PUB. CO. et al.

(Supreme Court, Special Term, New York County. November, 1900.)

1. CORPORATIONS—STOCKHOLDERS — TRANSFER OF ASSETS—FRAUD ON STOCK-HOLDERS—RELIEF.

When complainant, a stockholder, alleged that one of defendants was the recipient of a fraudulent transfer of the corporate assets, and prayed that the directors be suspended from office, that a receiver be appointed, and for other equitable relief, the fact that under Code Civ. Proc. §§ 1781, 1782, directors can only be suspended from office by proceedings by the attorney general, did not prevent the action being maintained, it appearing on trial that plaintiff was entitled to equitable relief.

2. SAME—FOREIGN CORPORATION.

A resident stockholder of a foreign corporation, claiming a transfer of corporate assets to have been fraudulent, may maintain an action for a receiver and other equitable relief.

3. SAME—EVIDENCE.

When plaintiff, a stockholder, claimed a transfer of the corporate assets to one of defendants to have been fraudulent, and sued for the appointment of a receiver, and other equitable relief, and it appeared that plaintiff had purchased 50 per cent. of the stock from the transferee, who represented the assets as worth $15,000; that the directors consisted of members of the transferee's family and an employé of his; that the transfer was effected by correspondence between the transferee and the employé, having offices on the same floor of a building; and that the consideration for the transfer was $210,—plaintiff was entitled to a judgment appointing a receiver, requiring the employé to account for his conduct as a director and for the property received, and that the transferee be enjoined from disposing of the property transferred.

Action by H. Randolph Whitman against the Holmes Publishing Company and others. Judgment for plaintiff.

Charles Strauss, for plaintiff.
Wilcox & Brodek, for defendants Bates and Byers.

BLANCHARD, J. This action is brought by plaintiff, a resident stockholder of the defendant Holmes Publishing Company, an Illinois corporation, against that corporation and its directors, Henry Brandenburg, Josiah Brandenburg, and Frank Byers, and one Charles

Austin Bates, who, it was claimed, was the recipient of a fraudulent and collusive transfer of the assets of the Holmes Publishing Company. The relief sought is as follows: First, that the directors of the Holmes Publishing Company account for their official conduct; second, that the directors and Bates pay to the corporation the value of any property acquired by them, or transferred to others, or lost or wasted, in violation of their duties as such directors; third, that the directors be suspended from office; fourth, that the directors and Bates be enjoined from disposing of any property during the pendency of the action; fifth, that a receiver be appointed of the assets of the corporation, and that Bates be enjoined from disposing of property received by him; and, sixth, for such other relief as may be proper. The only defendants before the court are the corporation, which defaulted, and the defendants Byers and Bates, who appeared by counsel, and defended at the trial. Defendants contend that the action cannot be maintained by the plaintiff, because it is one brought to suspend officers from performing the functions of their office, which, under sections 1781 and 1782 of the Code, can only be maintained by the attorney general. In my opinion, the point is not well taken. The action cannot be characterized solely as one to suspend officers because of the fact that such relief is asked in the complaint. That is but part of the relief prayed for, and this was abandoned by counsel for plaintiff, who, in the course of the trial, stated that he did seek such relief. Such relief could not be granted in the present case in any event. The defendants Brandenburg have not been served, and are not within the jurisdiction of the court; and the evidence discloses the fact that the defendant Byers is no longer an officer, having resigned prior to the trial. If the plaintiff has made out a case entitling him to relief at the hands of a court of equity, he ought not to fail because of having, in the prayer for judgment in his complaint, sought for more than he appears to be entitled to upon the trial. Watkins v. Lumber Co., 11 App. Div. 517, 519, 520, 43 N. Y. Supp. 41. The action otherwise, under the allegations of the complaint, seems to be maintainable under the authorities. Ives v. Smith (Sup.) 3 N. Y. Supp. 645, affirmed in (Sup.) 8 N. Y. Supp. 46; Stokes v. Stokes, 87 Hun, 152, 33 N. Y. Supp. 1024; Brinckerhoff v. Bostwick, 88 N. Y. 52. I am satisfied from the evidence that plaintiff ought to succeed in this case. He purchased 50 per cent. of the stock in the Holmes Publishing Company from the defendant Bates in November, 1896, for $5,000. The company possessed certain assets, which at that time were valued by the defendant Bates at more than $15,000. The board of directors of the company consisted of defendant Byers, an employé of defendant Bates; Henry Brandenburg, Bates' father-in-law; and Josiah Brandenburg, Bates' brother-in-law. These directors were all under the control of the defendant Bates. In 1897 Bates acquired practically all the assets of the Holmes Publishing Company for a consideration of $210. This transfer appears to have been effected by a correspondence between Bates and Byers, written and delivered on the same floor of a building where the defendant company and Bates had offices. The inadequacy of the consideration for the sale of these assets, valued but a few months previous by the defendant Bates

at over $15,000, coupled with the facts and circumstances of the method in which the transfer was effected, and the relationship existing between Bates and the directors of the company, lead me to the conclusion that the transfer was collusive and fraudulent.

The other points raised by counsel for defendants have been given consideration, but they fail to affect the conclusion reached. The plaintiff should have judgment appointing a receiver of defendant Holmes Publishing Company. The defendant Byers should account to the receiver for his official conduct while a director in such a sum as may be found due upon a reference, and the defendant Bates should account for the property of the company received by him, or pay the value thereof, as may be ascertained upon a reference; and the defendant Bates should be enjoined from making any disposition of the property of the company remaining in his possession.

Judgment accordingly.