SETH AUSTIN, administrator of Elijah Austin, plaintiff in error, *vs*. THE PEOPLE OF THE STATE OF ILLINOIS, for the use of Nancy Burr, *et al.*, defendants in error.

## *Error to Edgar.*

In an action on a bond, the jury must find as well the amount of the debt as the damages, and the proper judgment is, that the plaintiff recover the amount of debt found to be discharged by the payment of the damages and costs.

This was an action of debt, brought by the defendants in error against Austin, on a guardian's bond. The penalty of the bond, as described in the declaration, was $600. The cause was heard at the May term, 1845, of the Edgar Circuit Court. The jury found the defendant guilty, and assessed the plaintiffs' damages at $636 47. The plaintiffs, at that term, remitted $36 47, and judgment was rendered for $600 debt, and $600 damages. The damages laid in the declaration were $500. Defendant pleaded *non est factum* and *nil debet*. At the succeeding October term, the plaintiffs remitted a further sum of one hundred dollars.

S. T. LOGAN and C. EMERSON, for plaintiff in error.

LINCOLN & HERNDON, for defendants in error.

Opinion by TREAT, C. J.:

The cases of Frazier *vs.* Laughlin, 1 Gilman, 347, and Hinckley *vs.* West, 4 Gilman, 136, are directly in point, and decisive of this case. The debt was not admitted by the pleadings. It was, therefore, the duty of the jury to have found as well the amount of the debt as the damages. This is regarded as a matter of substance, and not of form. The proper judgment for the plaintiff in such an action is, that he recover the amount of the debt found by the jury, to be discharged by the payment of the damages and costs. The verdict was not broad enough to sustain such a judgment.

The judgment of the Circuit Court must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*