## LORENZO EGGLESTON *et al.*

*v.*

## CHARLES T. P. BUCK.

1. JUDGMENT—*form, in debt on bond.* The proper judgment for the plaintiff, in an action of debt on a bond, is, that he recover the amount of the debt found, to be discharged by the payment of the damages and costs.

2. PARTIES DEFENDANT—*several, or joint and several contracts.* Where a contract is several, or joint and several, the administrator of a deceased obligor may be sued at law in a separate action.

3. JOINDER OF PARTIES DEFENDANT. But the administrator cannot, in such case, be sued jointly with the survivor.

4. MISJOINDER OF SUCH PARTIES—*error.* And should they be thus improperly sued jointly, the misjoinder would be bad on error.

APPEAL from the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of debt instituted in the Circuit Court, by Charles T. P. Buck, who sued for the use of Caroline Gates, against Lorenzo Eggleston and Sarah A. Mills, administratrix of the estate of James M. Mills, deceased, upon an appeal bond which was executed by Eggleston, and the said James M. Mills, in his lifetime, in the penalty of twelve hundred dollars.

*Non est factum* and *nil debet*, were pleaded by Eggleston, and the same pleas, together with pleas of payment and release, were interposed by Sarah A. Mills. The issues were formed, and tried by a jury, who returned a verdict for the plaintiff, Buck, and found the debt, $1,200, and $827.36 damages.

The defendants moved for a new trial, which was denied, and judgment was entered as follows :

" It is therefore considered by the court that the said plaintiff have and recover of the said defendants the said sum of $1,200 for his debt, and the said sum of $827.36 for his damages ; also his costs and charges by him herein expended, and that he have execution therefor."

From this judgment, the defendants below took this appeal; and insist that the form of the judgment is erroneous, and that it was improper to award an execution against the defendant, Sarah A. Mills, who was sued as administratrix.

Mr. E. F. Bull, for the appellants, relied upon the following points and authorities:

1. The form of the judgment is erroneous. It should have been for the amount of the penalty of the bond, $1,200, to be discharged on the payment of the damages found by the jury, $827.36 and costs. As that judgment was rendered, it is excessive. *Hincley* v. *West,* 4 Gilm. 136; *Austin* v. *The People et al.,* 11 Ill. 452; *Toles* v. *Cole,* 11 Ill. 562; *Frazier* v. *Laughlin,* 1 Gilm. 347; *McConnel* v. *Swailes,* 2 Scam. 572; *Fournier* v. *Faggott,* 3 Scam. 350.

2. The court erred in awarding execution against the appellant, Mills. The judgment as to her should have been, that she pay the same in due course of administration. *Greenwood* v. *Spiller,* 2 Scam. 504; *Gibbons* v. *Johnson,* 3 Scam. 63; *McDowell, Adm'r, etc.* v. *Wight, Adm'r, etc.,* 4 Scam. 403; *Judy et al.* v. *Kelly,* 11 Ill. 217.

3. The misjoinder of the parties defendant, is fatal. The rule is laid down in 2 Williams on Executors, 1482, that the executor of the deceased contractor, on a joint and several bond, cannot be sued jointly with the survivor, because the one is charged *de bonis testatoris,* and the other, *de bonis propriis.*

Messrs. Gray, Avery & Bushnell, for the appellee, admitted that the first and second points made by the counsel for the appellants, were well taken, so far as they went to the form of the judgment, but contended that, the verdict being sufficient, the mere want of form in the judgment would not authorize a reversal, but the court would correct it here, and affirm the judgment.

Mr. Justice Breese delivered the opinion of the Court.

This was an action of debt on an appeal bond in the penalty of twelve hundred dollars, brought by the plaintiff against the administratrix of the deceased obligor, and the surviving obligor. There was a trial by jury, and a verdict rendered for plaintiff for twelve hundred dollars debt, and eight hundred and twenty-seven dollars and thirty-six cents damages, on which the following judgment was entered: "It is therefore considered by the court that the said plaintiff have and recover of the said defendants the said sum of twelve hundred dollars for his debt, and the said sum of eight hundred and twenty-seven dollars and thirty-six cents for his damages; also his costs and charges by him herein expended, and that he have execution therefor."

The points made are, that the entry of the judgment is erroneous in this, that it should have been for twelve hundred dollars, the penalty of the bond, to be discharged on payment of $827.36, the damages found by the jury.

This objection is well taken. *Austin* v. *The People*, 11 Ill. 452; *Toles* v. *Cole*, id. 562.

Another objection is, that the court awarded execution against the administratrix, when it should have been that she pay the same in due course of administration.

A good judgment could not be rendered in this action, inasmuch as there is a misjoinder of parties. The administratrix should not have been a party, and it was error to join her with the surviving obligor. The action survived against him alone. The very objection made, as to the form of the judgment, shows conclusively, the improper joinder, for while as against the survivor Eggleston, he is charged *de bonis propriis*, as to the administratrix, she must be charged *de bonis testatoris*, thus rendering different judgments necessary in the same case.

The rule is well settled, if a contract is several, or joint and several, the administrator of the deceased may be sued at law in a separate action, but he cannot be sued jointly with the

survivor, because one is to be charged *de bonis testatoris*, and the other, *de bonis propriis*. 1 Ch. Pl. 50.

In some States, as in North Carolina by statute, an administrator of a deceased joint obligor may be sued jointly with the surviving obligor. *Brown* v. *Clary*, 1 Haywood, 107.

The judgment is reversed.

*Judgment reversed.*