## DAVIS et al. *v.* WANNAMAKER.

2  637
4a  320

PRACTICE — *in debt on a penal bond,* the judgment of the court must be for the full amount of the penalty of the bond to be discharged upon payment of the damages.

JURISDICTION *of probate court* — *in debt on a penal bond.* If the penalty exceeds $2,000, the probate court has no jurisdiction.

PRACTICE. Where the defect of jurisdiction appears on the face of the declaration, the question may be presented by demurrer.

PARTIES — *whether one of several obligees may sue.* In an action on an obligation to pay a gross sum to several persons, there being no stipulation to pay any portion of the amount to each, all of the obligees who are living must be joined as plaintiffs.

### *Error to Probate Court, Jefferson County.*

IT was alleged in the declaration that the Golden City and Arapahoe Ditch Company commenced certain proceedings in the district court of Jefferson county, to condemn the right of way for its ditch through certain lands therein described, belonging to defendant in error and others; that, in the course of such proceedings, the said ditch company was required to give bond in the sum of $10,000 to defendant in error, and the others, conditioned for the payment of damages which should be awarded upon the condemnation of the said lands; that said ditch company did give such bond, with plaintiffs in error as sureties therein, and conditioned to pay all damages which might be awarded to the defendants in that proceeding severally, in the time and manner required by law; it was also alleged that certain proceedings were had for condemning the land of defendant in error, and that a sum of money was awarded to her as damages, which sum she sought to recover in this action. It did not appear that the obligors in the bond covenanted to pay any portion of the $10,000 to defendant in error, or to any of the obligees named therein. Plaintiffs in error demurred to the declaration, and, the demurrer being overruled, judgment *nil dicit* was entered for $2,000 debt and $1,277.50 damages and costs, the debt to be discharged upon payment of the

damages. Upon the inquest of damages plaintiffs in error appeared and presented many objections to evidence, and took a bill of exceptions, which swelled the record considerably. It was insisted on behalf of defendant in error that these exceptions could not be heard, and that the costs of this part of the proceedings should be taxed to plaintiffs in error.

Messrs. HORNER and HARMAN, for plaintiffs in error.

Mr. A. H. DE FRANCE, for defendant in error.

HALLETT, C. J.   The penalty in the bond described in the declaration is $10,000, of which sum defendant in error demanded but $2,000, and the same amount in damages. No argument will be required to show that the case cannot in that way be brought within the jurisdiction of the probate court.   Upon such an instrument, although the plaintiff is entitled to collect damages only, the judgment must be for the full amount of the penalty of the bond, as debt, to be discharged upon the payment of the damages.   R. S. 507. *Austin* v. *The People*, 11 Ill. 452; *Freeman* v. *The People*, 54 id. 153.

According to what was said in *Litchfield* v. *Daniels*, 1 Col. 268, the obligee in a bond may remit the whole or any part of the damages due to him upon the bond, and if he should remit the whole, probably he would have no right of action upon the instrument.   But the principle there asserted does not affect the rule of practice which governs cases of this kind, which is that a recovery must be for the full penalty of the bond, as debt, and for such damages as the plaintiff may be entitled to.   As the want of jurisdiction was apparent upon the face of the declaration, the question was well enough presented by demurrer, for the plaintiff was certainly required to state a case within the jurisdiction of the court.

There was also a defect of parties plaintiff, since there was no undertaking in the bond to pay defendant in error any

portion of the $10,000, the obligation being to pay that sum to her and twenty-eight others. Upon such an instrument it is impossible to say that each of the obligees may maintain a separate action. *Farni* v. *Tesson*, 1 Black, 309.

We are not inclined to inquire whether the exceptions taken at the inquisition can be allowed in this court, and the costs must take the usual course.

The judgment of the probate court is reversed with costs.

*Reversed.*