## C. H. NELSON ET AL.[*]
### v.
### JOSEPH HUMES ET AL.

1. PRACTICE.—It was error for the court to permit the jury, upon their retirement from the bar, to consider their verdict, to take the affidavit of Joseph Humes, deceased, made by him in support of his motion to set aside the default.

2. PRACTICE—JOINT JUDGMENT.—A joint judgment against the surviving maker of a note and the personal representative of the other maker, can not be sustained.

3. RECORD CONCLUSIVE AS TO MATTERS OF FACT.—The record filed in this court is conclusive as to all matters of fact, certified to by the judge who tried the cause below.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed December 28, 1882.

By agreement these causes were submitted to the same jury and they come to this court upon the appeal of the respective plaintiffs upon the same record. The causes were originally commenced to the October term, 1881, of the circuit court against Joseph H. Humes and Joseph Humes, and service being had a default was entered at that term which was set aside upon the affidavit of defendants.

At the February term, 1882, the death of Joseph Humes was suggested and his administratrix made a party defendant in each case. The cause of action in each case was promissory notes executed by the original defendants to the respective plaintiffs. A trial was had upon pleas of usury,

---

* Two cases.

failure of consideration, payment and bankruptcy as to Joseph H. Humes with replication of new promise to the separate plea of Joseph H. and replications to other pleas, and a finding for the plaintiff in the first case against both defendants for $133.70 and in the second case for $167.31 in favor of the plaintiffs against the defendant Sarah, as administratrix of Joseph Humes, and in favor of Joseph H. upon his plea of bankruptcy.

The court overruled plaintiffs' motions for a new trial and they appealed.

Mr. R. C. HUNT and Mr. C. H. NELSON, for appellants; that the court can not, after the discharge of the jury, amend the verdict, cited Frazier v. Laughlin, 1 Gilm. 347; Wilcoxon v. Roby, 3 Gilm. 475.

A jury can not be called, after its discharge, to alter or amend its verdict: Sargent v. State, 11 Ohio, 472.

Messrs. LANPHERE & BROWN, for appellees; that a court can not change, make or alter the verdict of the jury but can identify the verdict, cited Statute of Jeofails, chap. 9; Burnhams v. Tibbits, 7 How. Pr. 21; Cogan v. Ebden, 1 Burr. 883; Jackson v. Dickenson, 15 John. 309; Prussel v. Knowles, 5 How. 19; Smith v. Eames, 3 Scam. 76; Spurck v. Crook, 19 Ill. 415; Peck v. Brewer, 48 Ill. 54; Chicago v. Dermody, 61 Ill. 431.

PILLSBURY, P. J.   From an examination of the record, it is clear that the jury found in favor of the defendants upon the issue made by the plea of usury as they only allowed a recovery for the principal sums loaned after deducting all payments made.

The bill of exceptions shows that the court over the objection of plaintiff permitted the jury upon their retirement from the bar to consider of their verdict, to take the affidavit of Joseph Humes, deceased, made by him in support of his motion to set aside the default.   Referring to the affidavit, it appears, that he under oath, details all the facts and circum-

stances connected with the execution of the notes, and showing very clearly that usury had been reserved in the loan for which the notes were given.

In this action of the court there was error for which the judgment in each case must be reversed and the cause remanded. Counsel for the appellees say that the bill of exceptions does not correctly state the facts, but counsel must be aware of the rule of practice that makes the record filed in this court conclusive upon us as to all matters of fact certified to by the judge who tried the cause. The instructions seem to be proper under the evidence. Although no cross-error is assigned upon the record it may not be improper for us to suggest that a joint judgment against the surviving maker of the note and the personal representative of the other maker can not well be sustained under the authorities: Eggleston v. Buck, 31 Ill. 254.

Judgment reversed.