*102 N Y 392*
GEORGE C. HEMMINGWAY, as Administrator, etc., Respondent, *134 ~ 219*
*v.* JACOB S. POUCHER, Appellant.   *138 ~ 366*
*207 ~ 194*

The validity of an undertaking given under the Code of Procedure (§ 348), for the purpose of staying proceedings on appeal to the General Term of the Supreme Court, depends upon its efficacy in securing to the appellant the stay desired ; where the obligee elects to treat it as invalid, and is permitted by the court to proceed and collect his judgment in disregard thereof, he cannot afterward maintain an action and hold the obligors liable thereon.

Upon trial before a court or referee an exception to a general finding of law, holding that one party is entitled to recover against the other, raises the question as to whether, upon all the facts found, the successful party was entitled to judgment.

A party is under no obligation to state in his pleading the theory of law upon which his claim is based ; he is required only to state the facts, and if sufficient to constitute a cause of action or defense, the pleading is not demurrable because the legal effect of the facts is not stated, or even because the proper form of relief is not demanded.

(Argued January 27, 1885 ; decided March 3. 1885.)

*18 Wkl Dig 371 reversed*

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 4, 1884, which affirmed a judgment in favor

of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*Wm. Tiffany* for appellant. The pretended assignment to Brooks, never having been delivered, never took effect. (*Fonda* v. *Sage*, 46 Barb. 109; *Stevens* v. *B. & N. Y. C. R. R. Co.*, 20 id. 332; *Rathbun* v. *Rathbun*, 6 id. 98; *Foster* v. *Beardsley*, 47 id. 505; *Carnes* v. *Platt*, 6 Rob. 270; *Foster* v. *Hall*, 41 N. Y. 419; *Bracket* v. *Barney*, 28 id. 340; *Crosby* v. *Hillyer*, 24 Wend. 285; *Jackson* v. *Phipps*, 12 Johns. 421.; *Elery* v. *Metcalf*, 1 Denio, 323; *Bryant* v. *Bryant*, 42 N. Y. 11, 16; *Best* v. *Brown*, 25 Hun, 223.) There can be no delivery of a written instrument without an acceptance. (*Crosby* v. *Hillyer*, 24 Wend. 285; *Jackson* v. *Phipps*, 12 Johns. 418; *Sharp* v. *Speir*, 4 Hill, 76; *Hindhaugh* v. *Larkin*, 47 N. Y. 109; *Best* v. *Staple*, 61 id. 71.) The plaintiff having procured the order giving him leave to issue execution on the judgment appealed from, unless Lewis, the principal, on whose appeal the undertaking was given, filed a new undertaking within twenty days, and after the expiration of said twenty days and before the appeal was determined, issuing the execution against the property of the appellant Lewis, the sureties on the undertaking were thereby discharged. (*Collins* v. *Ball*, 31 Hun, 187; *Manning* v. *Gould*, 90 N. Y. 480; Old Code, §§ 341, 348; *Hill* v. *Burke*, 62 N. Y. 111; *Gibbons* v. *Beehard* 3 Bosw. 335.) Landers, until Cushing assigned the judgment to Brooks, had the perfect right to sell it. (*Geortner* v. *Trustees, etc.*, 2 Barb. 625; *Daby* v. *Ericson*, 45 N. Y. 786; *Murray* v. *Mumford*, 6 Cow. 441; *Pinkney* v. *Wallace*, 1 Abb. 2, 82; *N. River Bk.* v. *Agmar*, 3 Hill, 262; *Exchange Bk.* v. *Monteath*, 17 Barb. 171.) In this kind of action the consideration being receipted in the assignment from Landers to Parker is *prima facie* evidence that that amount, $593.51, was actually paid by Parker to Landers. (*Thilhemer* v. *Brinkerhoff*, 6 Cow. 90; *Jackson* v. *McChesney*, 7 id. 360; *Carpenter*

v. *Freeland*, Hill & Denio's Supp. 37; *Wood* v. *Chapin*, 13 N.
Y. 509.)   It was the duty of Brooks, Cushing, and plaintiff as
Cushing's administrator to give notice of their assignments
and have them proved and acknowledged and filed or recorded,
and having failed to do so, a subsequent purchaser in good
faith for value from the ostensible owner has the better title.
(*Galegher* v. *Caldwell*, 22 Penn. St. 300; 17 Am. Dec. 183;
Code Civ. Pro., § 1262.)   The notice given to Lewis was
wholly insufficient.   (*Daby* v. *Ericson*, 45 N. Y. 786.) · If
there are equitable reasons outside of the record giving plaint-
iff the right to the proceeds of the judgment as between him
and Parker, he must look to Parker for it.   (Code Civ. Pro.,
§ 1260, sub. 2.)   The acknowledgment or proof was insufficient
to authorize its being received in evidence in Broome county.
(3 R. S. [7th ed.] 2219, § 18; 3 R. S. 2375, chap. 360, § 1,
76 N. Y. 220.)

. *M. Filmore Brown* for respondent.   One of several part-
ners has power to assign a debt due to the firm.   (*Everett* v.
*Strong*, 5 Hill, 163; *Bennett* v. *Buchanan*, 61 N. Y. 225;
*Morse* v. *Bellows*, 7 N. H. 568.)   The transfer of the judg-
ment carried with it the bond given to secure the judgment on
appeal. (*Bordoin* v. *Coleman*, 3 Abb. Pr. 431.)   The defense
of payment is not proved; for if Lewis paid, he so paid after
full notice, and in his own wrong. (*Greentree* v. *Rosenstock*, 61
N. Y. 593; *Muir* v. *Schenck*, 3 Hill, 228.)   The clerk had no
authority to file assignment of the judgment to Parker, and no
authority to enter the satisfaction paper.   (Code of Civ. Pro.
1260, 1270; 2 R. S. [6th ed.] 1146, § 36.)   The judgment
against Lewis had ceased to be a lien on the lands described in
defendant's answer, ten years having passed since it was dated.
(Code, § 1254; *Little* v. *Harvey*, 9 Wend. 137; *Tufts* v.
*Tufts*, 18 id. 621.)   No defense having been set up in the
answer, and no claim made on the trial, nor on the argument in
the General Term, that when the plaintiff issued an execution
to collect the judgment, that he released the sureties. This point
cannot now be raised for the first time.   (*McKyring* v. *Bull*,

16 N. Y. 297; *Salisbury* v. *Howe*, 87 id. 128; *Coe* v. *Raymond*, 89 id. 612.)

RUGER, Ch. J.    This action was brought upon an undertaking given upon appeal to the General Term, from a judgment recovered July 5, 1872, upon a trial at Circuit, in favor of Joseph C. Cushing and John F. Landers, plaintiffs, against Larry Lewis, defendant, and was executed by Larry Lewis as principal, and Jacob S. Poucher and Duncan McRae as sureties.    The undertaking was given in pursuance of the following provision of section 348 of the Code of Procedure relating to appeals in the Supreme Court : " Such an appeal, however, does not stay proceedings unless security be given as upon an appeal to the Court of Appeals."

On account of the death of plaintiff's attorney, and, perhaps, for other reasons, the appeal taken from the original judgment, and all proceedings thereon, slept until some time in the year 1882, when the plaintiff in this action, claiming to have succeeded to all the rights of the plaintiff in the original action, noticed a motion to compel the appellant therein, to execute a new undertaking on such appeal, or, in default thereof, that leave be given him to issue execution upon such judgment. This motion was granted in June, 1882, and by the order of the court Lewis was required to file, within twenty days, a new undertaking, and, in default thereof, the plaintiff had leave to issue execution upon, and collect such judgment.    The undertaking required was not given, and on July 9, 1882, the plaintiff herein, by virtue of the leave thus given, issued and delivered to the sheriff of Oswego county, where the judgment debtor then resided, an execution upon such judgment, by virtue of which the sheriff levied upon real estate belonging to Lewis more than sufficient in value to pay the judgment, and proceeded to advertise the same for sale.

The court below found that by virtue of certain proceedings, which it is not material here to detail, the benefit of this levy was lost to the plaintiff, without his fault or carelessness.    It would seem difficult to sustain this finding upon the undis-

puted evidence in the case were it important in any aspect to question it. But in the view we have taken of the case, we deem it immaterial to consider whether any thing might have been collected on the execution or not. It is sufficient to know that the stay was annulled upon the motion of the plaintiff, and that the undertaking thereafter, constituted no obstacle to his collection of the judgment.

Subsequent to this time argument was had upon the appeal, and resulted in a judgment of affirmance, rendered December 19, 1882.

We are of the opinion that these facts constitute a defense to the plaintiff's action, and that the decision of the trial court, giving the plaintiff judgment for the amount of the undertaking, and the affirmance of such judgment by the General Term were erroneous.

· There are cases in which a respondent, is said to possess the option of waiving irregularities, in the execution of an undertaking on appeal, and to be entitled to the privilege of holding its obligors to performance notwithstanding such defects. (*Hill* v. *Burke*, 62 N. Y. 111.) Yet this right has never been extended to a case where the undertaking wholly failed to accomplish the office it was intended to perform. In the one case the obligee accepts the bond, and refrains from instituting proceedings to collect the judgment, by which a sufficient consideration is furnished for the support of the undertaking; in the other, the implied condition attached to the undertaking by the statute has been broken by the obligee, and he is, therefore, denied the benefit of a contract, whose obligations he has himself voluntarily repudiated. If the obligee elects, for any sufficient reason, to treat the undertaking as invalid, and proceeds to collect his judgment in disregard thereof, he cannot afterward maintain an action upon it, and hold its obligors to liability thereon. The sole object of the statute authorizing such an undertaking is to furnish the defeated party with an opportunity of reviewing an adverse decision, without being first compelled to pay the amount adjudged against him, and the efficacy of the undertaking as a stay is, by the

statute, impliedly, but we think unmistakably, made the condition of its validity. Such an undertaking is not necessary to enable a party to appeal from the judgment, and he has no inducement for its execution except for the purpose of obtaining a stay of proceedings on the judgment. It was, therefore, optional with the appellant to execute it or not. Having done so, the only consideration receivable by him, was the benefit expected to be derived, from the suspension of the plaintiff's proceedings to enforce the judgment. To hold that the obligee may enforce such an undertaking after repudiating it as a stay, would authorize a recovery by one party, without requiring the performance by him of an implied condition, and compel the payment of obligations, by the other, for which he has received no consideration. Such a result would violate the settled rules upon which the liability of parties on contract have uniformly been held to depend. We think the spirit and object of section 348, as well as its language, requires it to be so construed as to make the validity of an undertaking, given thereunder, depend upon its efficacy in securing to the appellant the stay which it was intended to enable him to obtain. As was said by this court in *Manning* v. *Gould* (90 N. Y. 480): "The respondent cannot have the dual right to enforce the judgment pending the appeal, as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment."

The precise question involved in this case was considered by the General Term of the First Department in the case of *Collins* v. *Ball* (31 Hun, 187) and we think the views there expressed as to the interpretation of the statute, are correct. The view we have taken of the law was not seriously questioned by respondent's counsel on the argument, but it was urged by him that the record does not show that the question was properly raised in the court below. We think that it does. The facts referred to were pleaded by the defendant Poucher as a defense to the action, and although they were connected in the answer with other facts not material to this defense, and the pleader might not have had in his mind the correct theory as

to the legal effect of the facts pleaded, yet the plaintiff was not prejudiced thereby, nor was the defendant precluded from claiming the benefit of the defense actually pleaded, because he also alleged facts not material to that defense. The proof of the facts was admitted without objection, and they were affirmatively found by the trial court.

After a special finding of the facts, the trial court also found as a general conclusion of law, that the plaintiff was entitled to recover, and to this conclusion the defendant excepted. We think this exception was well taken. An exception is always considered as broad as the ruling to which it is taken, and upon a trial before a court or referee, an exception to a general finding of law holding that one party is entitled to recover against the other, raises a question similar to that arising upon a special verdict, as to whether upon all of the facts found the successful party is entitled to recover or not. (*Wilson* v. *Allen*, 3 How. Pr. 369; *Pratt* v. *Foote*, 9 N. Y. 463.) In such a case the question of law is as to which party is entitled to judgment, and if the court below erroneously decides this question, an exception to such a ruling, brings up for review the question whether the successful party was upon all of the facts entitled to judgment. While the nature and arrangement of the facts alleged in this count, would indicate a belief on the part of the pleader, that they constituted a defense on the theory of a dealing by the creditor, with the funds of the debtor in his hands applicable to the payment of the debt, such as would release the surety from liability therefor, yet this is not alleged in such a way as to preclude him, from claiming that the facts also operate as a defense by force of other legal rules. The party was under no obligation to state in his pleading the theory of law upon which his claim was based. He was required only to state facts therein, and if they are stated in such a manner as to enable the court to see that they constituted a defense to the action, the pleading is not demurrable because it did not state the legal effect of the facts, or even because the proper form of relief was not demanded. (*Oneida Bank* v. *Ontario Bank*, 21 N. Y. 490.)

We cannot see how the plaintiff has been misled by the form of the answer, or what right he has acquired, to confine the defendant to the assertion of one principle of law, when the facts alleged apparently entitled him to invoke any which he might successfully claim. The defendant has certainly never expressly or impliedly disclaimed the right of invoking any principle of law applicable to the facts alleged, which he might think would operate to his advantage; and if upon the trial he made the necessary proof and asked the proper judgment, it is difficult to see why an exception to the ruling denying him the relief to which he was entitled, does not raise the question as to whether the judgment for the plaintiff was sustainable or not.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.