JOHN D. WING AND ANOTHER, RESPONDENTS, *v.* AMOS
ROGERS, APPELLANT.

62  383
138a  361'

*Surety — his contract strictly construed — an undertaking, to secure the prospective
judgment, given as a condition of the granting of a stay on an application to take
testimony on commission.*

The defendants in certain actions applied to the court for a stay of proceedings in
order to obtain time to take by commission the testimony of a witness in a foreign
country. The court granted the application staying proceedings until the return
of the commission upon condition that the defendants gave an undertaking con-
ditioned to pay any judgments recovered in the actions. The security was given,
in form, for the absolute payment of any judgments so recovered. The commis-
sion was issued to the foreign country; the witness wrote out his answers to the
interrogatories, but never verified them before the commissioner, and the latter
never returned the commission. The witness returned to this State before the trial
of the actions, and was called as a witness by the defendant upon the trial thereof.
Before the trial the plaintiffs in the actions moved for, and obtained, a vacation
of the stay.
In an action against the surety upon the undertaking:
*Held,* that it was the evident intention, taking the undertaking and the order
granting the stay together, that the parties to the undertaking should only be
bound in the event that the defendants in the actions enjoyed a stay until the
commission was returned.
That the failure to return the commission, the vacation of the stay and the return of
the witness to this State, presented a state of facts entirely different from those to
which the surety had agreed in the undertaking, and that hence he was not liable.
That there was no lack of power in the plaintiffs in this action to have procured,
or in the commissioner to have made, a return of the commission; and that,
having failed in this, the event had not occurred upon which the surety's liability
was predicated. (INGRAHAM, J., dissenting.)

APPEAL by the defendant Amos Rogers from a judgment of the
Supreme Court, entered in the office of the clerk of the county of
New York on the 18th day of May, 1891, upon a verdict for the
plaintiffs for $10,521.69, after a trial at the New York Circuit
before the court and a jury.

*R. Floyd Clarke,* for the appellant.

*John W. Houston,* for the respondents.

DANIELS, J.:

The verdict was recovered for the sum of $10,521.69, upon an
undertaking given by the defendant to pay any judgments that

might be recovered in three different actions brought by the plaintiffs against Rowland N. Hazard, two of which had previously been consolidated. In those actions the defendants obtained leave to issue a commission to Carlos Walker Martinez or to Jorge Hunches, residing at Santiago, in Chili, to take the deposition of Jared E. Lewis as a witness on behalf of the defendant. The defendant applied to the court for a stay of proceedings until the return of the commission. And after directing the commission to be issued, this stay was ordered in case the defendant should file an undertaking, with one or more sureties, conditioned to pay any judgment or judgments which might be recovered against him in the three actions or in either of them. An undertaking was presented, in compliance with this order, subscribed by the defendant, but the attorneys for the plaintiffs in the actions were unwilling to receive it, and refused to accept it because they deemed the responsibility of the defendant to be inadequate by way of this security. And while this disagreement existed, and for the purpose of arranging it, the attorneys for the plaintiffs consented to accept the undertaking of the American Surety Company for the sum of $7,500, in part compliance with the order, and an undertaking subscribed by the defendant as surety for the residue. And these undertakings were given pursuant to this arrangement, and, in that manner, the conditions prescribed by the order upon which the stay was directed were complied with. The commission was then sent to the commissioners, one of whom passed it over to the witness to write out his answers to the interrogatories. And that was done by him, and the commission with the answers returned to the commissioner. But the witness never appeared before the commissioner to verify the answers by his oath. And the commission, accordingly, was not returned. The witness remained in Santiago from early in December, 1888, until the middle of September, 1889, and in May, 1890, arrived in the city of New York, and was examined as a witness upon the trial. Prior to the trial of the action, and in August, 1890, the plaintiffs moved to vacate the stay in this manner provided for by the order directing the commission which was entered on the 7th of December, 1888. And an order was entered vacating the stay, and it was after that time that the plaintiffs brought this action to trial. Upon this state of facts this action was brought against the defendant as surety in

the undertaking subscribed by him to recover so much of the judgments as would not be satisfied by the obligation of the American Surety Company. And it was for that residue that the verdict was directed against the defendant.

In his behalf it has been contended that no legal liability had arisen against him under the terms of the undertaking. This undertaking is as follows :

" Whereas, Rowland N. Hazard, the defendant in the above-entitled actions, on December 7; 1888, obtained from this court an order in both of said actions staying the trials thereof until a return of a commission issued to take testimony of Jared E. Lewis, as a witness for the defendant, provided that the said defendant should give an undertaking, with sufficient sureties, conditioned that said defendant will pay any judgments that may be recovered against him in these actions ; and,

" Whereas, the defendant has given an undertaking, executed by the American Surety Company, conditioned to pay any judgments that may be recovered in these actions, or either of them, up to the amount of $7,500 ; and,

" Whereas, Amos Rogers has given a bond for any amount which may be recovered against the defendant, which bond, upon the execution hereof, is to be considered canceled and null and void.

" Whereas, the plaintiffs have stipulated to accept as sufficient undertaking by the American Surety Company and this undertaking :

" Now, therefore, in consideration of the premises and one dollar to me in hand paid, I, Amos Rogers, ot No. 45 Broadway, New York city, do, pursuant to the above order and stipulation, undertake that the said Rowland N. Hazard will pay any judgments that may be recovered against him in these actions, or either of them, over and above the sum of $7,500, secured to be paid by the American Surety Company, as aforesaid.

" It being understood that my liability hereunder is limited to the amount of the said judgment or judgments, with interest, less $7,500.

" In witness whereof I have hereunto set my hand and seal, this 12th day of April, 1889.

" AMOS ROGERS. [SEAL.] "

And by its recital it appears to have been given to secure to the defendant in the other actions this stay of proceedings until the return of the commission. And, further, to exhibit that to have been the design and purpose of the undertaking, the order containing the provision for the stay of proceedings mentioned in this recital is also entitled to be considered, for they are, both together, necessary to exhibit the object, by way of consideration, as well as the extent of the obligation entered into by the defendant. (*Sonneborn* v. *Libbey*, 102 N. Y., 539, 550.)

This order is in these words : " Upon reading and filing the order to show cause, the affidavit of Rowland N. Hazard, on which said order to show cause was granted, and due proof of service of said order, and an affidavit upon the attorneys for the plaintiffs, and the affidavits of Paul D. Cravath and Julius M. Ferguson hereto annexed, and upon all the papers and proceedings herein, and after hearing Mr. Lockwood, of counsel for defendant, in support of said motion, and Mr. Cravath, of counsel for plaintiff, in opposition thereto,

" Now, on motion of Crane, Lockwood & Fowler, attorneys for the defendant, it is

" Ordered, that this motion for a commission to take the testimony of Jared E. Lewis, as a witness for the defendant, be and it hereby is granted, and that a commission issue in the ordinary form in both of the above-entitled actions to Carlos Walker Martinez, or to Jorge Huncues, counselors-at-law, at Santiago, Chili, at South America, to examine, under oath, upon interrogatories and cross-interrogatories to be annexed to said commission, Jared E Lewis as a witness on behalf of defendant at said Santiago, Chili, in South America, and that plaintiffs be at liberty to join in said commision by preparing and annexing thereto cross-interrogatories.

"And it is further ordered that the trial of these actions be stayed until the return of said commission, provided defendant shall, within ten days from the date of this order, give and duly file an undertaking with one or more sureties, to be approved by the court, conditioned that said defendant will pay any judgment or judgments that may be recovered against him in the above-entitled actions or either of them ; and if defendant shall fail to justify to the satisfaction of the court upon notice of exception from plaintiff's attorney, then this stay shall be vacated without further order."

And it is clearly to be inferred, from the order and the undertaking considered together, although the latter expresses an absolute obligation to pay the judgments, that this obligation was intended to be, and was, in fact, conditional upon the defendant in the other actions having a stay of proceedings until the return of the commission. That was the advantage secured to that defendant by the order, and it was the foundation or consideration on which this defendant became a party as a surety to this undertaking. It was, therefore, conditional in its effect, binding the defendant to the payment of these judgments only in case the defendant in the other actions was secured this stay until the return of the commission. That was not only the language, but the effect, and the entire effect, of the obligation which the defendant entered into. And before an action for the recovery of this amount of the judgments could be maintained against him, it was essential that this condition should appear to have been observed. (*Oakley* v. *Morton,* 1 Kern., 25.)

If its performance had been defeated by any act of the defendant, that would have avoided the effect of the condition. But there was no act, either upon his part or on the part of the defendant in the original actions for which this surety became responsible, which prevented the return of the commission. And compliance with the terms of the order as to the stay was, therefore, not dispensed with, either by anything which was held in *Weeks* v. *Little* (89 N. Y., 566) or *Hudson Canal Company* v. *Pennsylvania Coal Company* (8 Wall., 276).

The undertaking, construed with the order, provided for the payment of this excess of the judgments by the defendant only in case the defendant in the original actions was secured this stay of proceedings until the return of the commission. There was no obligation, either expressed or implied, by any language contained in the order or the undertaking, imposed upon the defendant to pay in case the order staying proceedings should be vacated, or the witness named in it should return to the city of New York. Each was an entirely different state of facts from those upon which the surety became bound. And it is no answer to the objection which has been made that it could have been no benefit to the surety, or the defendant in the other suits, that the stay of proceedings should be prolonged beyond the time when the order was made vacating it.

For the contract entered into by the undertaking was not to become operative by the vacation of the order, or the return of the witness, but the sole and only condition upon which its validity rested was, that the stay should continue until the return of the commission. That was the obligation, and the only obligation into which the defendant entered by this undertaking.

It was not absolutely necessary that the commission should be fully executed before it was returned, but it was competent for the commissioner to return it when the witness failed to appear before him and verify the answers which he had written to the interrogatories. And the plaintiffs in the action, as well as in the other suits, were entitled to have the commission returned in case of a failure on the part of the commissioner through the absence of the witness to complete its execution. There was no want of power, therefore, on the part of the plaintiffs to comply literally, as well as substantially, with this condition on which the liability of the defendant had been made to depend. They failed to do that. And having so failed, and the commission never having been returned, the event has not arisen on which the defendant undertook to pay this amount of the judgments recovered against the defendant in the other suits. But by the judgment which has been recovered in this suit, the defendant has been held liable upon a state of facts differing from those on which his liability was made to depend. He had agreed to become liable in one event only, and that event has not yet transpired. And for that reason he was not liable in this action upon his undertaking, and a verdict instead of being directed against him should have been directed in his favor. This seems to be the fair effect of *Collins* v. *Ball* (31 Hun, 187), and of *Hemmingway* v. *Poucher* (98 N. Y., 281). The undertaking construed with the order was a security to the plaintiffs for the payment of this residue of their judgments only when the commission should be returned. It never has been returned, and no right of action, consequently, accrued to them, and the judgment should be reversed and a new trial ordered, with costs to the defendant to abide the event.

VAN BRUNT, P. J., concurred.

INGRAHAM, J. (dissenting):

The bond or undertaking upon which plaintiff seeks to recover in this action was given to make effectual a stay of the trial of certain actions until the return of a commission issued under the order of the court in the actions. The bond recites the order; the provision for the stay until the return of the commission issued to take the testimony of the witness named, and then provides as follows: "I, Amos Rogers, of No. 45 Broadway, New York city, do, pursuant to the above order and stipulation, undertake that the said Rowland N. Hazard will pay any judgments that may be recovered against him in these actions, or either of them, over and above the sum of $7,500 secured to be paid by the American Surety Company as aforesaid."

And it is to recover the amount of these judgments, subsequently obtained against Hazard over and above the sum of $7,500, that this action is brought. The order of the court recited in this bond or undertaking provides for the issuing of a commission, and then contains a provision that the trial of the action be stayed until the return of the commission, provided the defendant shall, within ten days, file an undertaking to be approved and conditioned that said defendant will pay any judgment or judgments that may be recovered against him in the above entitled actions or either of them.

The order granting the stay having been recited in the bond, and the bond having been given in pursuance of the order, we must construe the bond and the order, so far as they throw light upon each other, and thus arrive at the intention of the court and of the parties (*Sonneborn* v. *Libbey*, 102 N. Y., 550); and construing them together it seems to me that the intention of the court and the parties is obvious.

The order for the commission was entered in pursuance of sections 887 and 888 of the Code, and it was to obtain the deposition of a witness not within the State, to be used by the defendant as testimony upon the trial on the issues raised by the pleadings. The Code provides for the issuing of such commission, and the court is given power to stay the trial of the action until the return of such commission.

The sole object for such commission is to obtain the testimony of a witness who is without the State and whose presence at the trial cannot be enforced by subpœna, and it is provided by section 910

of the Code, that where it appears, by affidavit, that the personal attendance of the witness upon the trial could have been procured with due diligence, an order for the suppression of the deposition may be made by the court upon the application by the party aggrieved upon notice to the adverse party.

Considering the undertaking and the order, together with these provisions of the Code, it seems to me that the intention of the court and the parties was to procure the testimony of the witness whose deposition was to be taken. To do that it was necessary, as he was then without the State, to issue a commission to take his deposition; and it was also necessary, in order to have the benefit of the witness' testimony upon the trial, that the trial of the action should be stayed until the return of the commission or the return of the witness to the State.

The court granting the stay required as a condition that the defendant in that action give a bond to secure the payment of any judgment that the plaintiff should obtain against him, and that bond was given. The commission was issued and the stay became operative. The object of that stay, however, was simply to make the order for the commission effective for the purpose for which it was given, viz., to procure the testimony of the proposed witness for use at the trial. There was no express condition in the bond that the stay should continue until the commission was returned; and as soon as the witness returned within this State, with intention of remaining here, so that his attendance at the trial could be procured, the commission issued to take his testimony became inoperative. It could not then be executed and returned, because the witness was not at the place to which it had been issued to execute it. The return of the commission, therefore, became impossible. By the stay the defendant in the action had obtained what he desired. He was in a position to have the benefit of the testimony of the witness on the trial of the action.

The witness was within the jurisdiction of the court, subject to its subpœna, and the defendant had the opportunity of obtaining his testimony upon the trial of the action.

The return of the commission became impossible, but if it had been possible, it would have been unavailing, because, under section 910 of the Code, the court would have been justified in suppressing

the commission upon evidence that the witness had returned and could be produced on the trial.

The stay that was procured by the giving of the bond was effectual until the return of the witness to the jurisdiction of this court; and upon such return the advantage to the defendant in the actions had been gained just as much as if the commission had been returned, and the consideration for the giving of the bond or undertaking was complete.

The subsequent vacation of the stay had no more effect than if it had been vacated by the return of the commission, so far as the liability of the defendant was affected.

I think, therefore, the court below was right in directing a verdict for the plaintiff, and the judgment should be affirmed, with costs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.