CHARLES M. ROWLEY, RESPONDENT, *v.* THOMAS J. SWIFT, APPELLANT.

*Pleading — complaint based on an agreement "to make good" an amount paid for stock.*

A complaint, which alleges that the plaintiff paid to the defendant a certain sum for shares of stock sold and delivered to plaintiff by defendant, and that as part of the transaction the defendant gave plaintiff a written agreement to "make good" to the plaintiff the amount so paid at any time after one year therefrom, and which further alleges a tender of the stock to, and a demand of the said sum from, the defendant after the expiration of the year, and a refusal by the defendant to take the stock or repay the money, and demands judgment for the said sum, with interest from the date of the demand, states a cause of action good on demurrer.

APPEAL by the defendant, Thomas J. Swift, from a final judgment for $1,336.16, damages and costs, entered in the office of the clerk of Dutchess county on the 18th day of October, 1892, in favor of the plaintiff, Charles M. Rowley, on an order overruling a demurrer to the complaint.

The complaint in the action is as follows :

Charles M. Rowley, the plaintiff above named, by John H. Miller, his attorney, complains of Thomas J. Swift, the defendant above named, and states for cause of action the following facts:

I. That on or about March 7, 1891, at the city of Poughkeepsie, the plaintiff paid and delivered to the defendant the sum of twelve hundred and fifty dollars for fifty shares of the capital stock of the Nichol Lubricator Company, then sold and delivered by the defendant to this plaintiff; and at the same time, and as a part of, and evidence of the same transaction, the defendant made, subscribed and delivered to the plaintiff an agreement in writing, of which the following is a true copy, to wit:

"POUGHKEEPSIE, N. Y., *March* 7th, 1891.

"I have received this day from C. M. Rowley $1,250 for 50 shares stock of the Nichol Lubricator Company, and I hereby agree to make good to him that amount at any time after the expiration of one year from the date hereof.

"THOMAS J. SWIFT."

II. That, after the expiration of one year from the date of said agreement, plaintiff offered to release to and reconvey to defendant said stock, and requested defendant to make good to plaintiff said sum of twelve hundred and fifty dollars, as in said agreement provided, and particularly on or about May 13, 1892, the plaintiff made such demand as last aforesaid in writing signed by plaintiff and bearing date on last said day ; and plaintiff now has said stock and is still ready and willing and able and hereby offers to reconvey and to deliver the same to the defendant upon receiving from him the money aforesaid.

III. That the defendant has hitherto refused and still refuses to receive said stock from plaintiff or to repay or make good the said twelve hundred and fifty dollars, or any part thereof, to the plaintiff, and the defendant is indebted to the plaintiff on said transaction in the sum of twelve hundred and fifty dollars, and interest thereon from May 13, 1892, no part of which has been paid.

IV. Wherefore, the plaintiff demands judgment against the defendant for the said sum of twelve hundred and fifty dollars, and for interest thereon from the 13th day of May, 1892, or for such other and further judgment as shall be just, and for the cost of this action.

To this complaint the defendant demurred on the ground that "the complaint does not state facts sufficient to constitute a cause of action."

*Henry M. Taylor*, for the appellant.

*John H. Miller* and *E. Wells*, for the respondent.

PRATT, J. :

This is an appeal from a judgment entered on an order overruling a demurrer to the complaint based upon the ground that no cause of action was stated therein.

The court below, in deciding the case, said : " The complaint states that the plaintiff paid and advanced to the defendant $1,250 for certain stock. That as part of the transaction the defendant gave the plaintiff a written agreement that he would make good that amount to the plaintiff at any time after the date, one year from the transfer of the stock, and the receipt by him of the $1,250.

"Whether this transaction was one for a reconveyance of the stock upon request after the year, or was a loan upon the stock payable at the end of the year, is immaterial. A good cause of action existed in either case." This memorandum expresses the point in a nut shell.

It is clear that the agreement was to make good $1,250 after one year. What did the parties mean by the words "make good," unless they meant that defendant should pay that amount to the plaintiff. Nothing but that could have been intended.

The consideration was the advance to the defendant of the $1,250, and the note or memorandum refers specifically to that amount. If the transaction had been an absolute purchase and sale of the stock there would have been no agreement in writing to make good to the plaintiff the money advanced. If the memorandum did not express the whole agreement between the parties, or any condition was attached to it, it was subject of proof upon the trial on the part of the defendant.

The plaintiff averred enough to make a *prima facie* case by counting upon the promise in writing to pay the $1,250 at the end of a year; the promise being absolute and referring solely to the money advanced. The promise does not refer to the stock at all.

The complaint possibly is inartificially drawn, but it is not necessary for a pleader to state the legal effect of the facts alleged, as the court will render such judgment as the facts, when proved, warrant. (*Hemmingway* v. *Poucher*, 98 N. Y., 281–287.) And the court is not precluded from giving such a judgment by the plaintiff averring an erroneous conclusion of law. (*Chatfield* v. *Simonson*, 92 N. Y., 218, and cases cited.) The advance of the money, the delivery of the stock and the promise to repay or make good the money after one year constituted one transaction.

These facts when analyzed mean that as a consideration for the advance of the money that fifty shares of stock should be delivered, and that after one year the defendant should make good to the plaintiff the money received; if there was any agreement outside of the memorandum that plaintiff should return the stock or its value be estimated, it was available as matter of defense.

It is true the agreement does not say how he shall "make it good," but admitting by demurrer that he made such a promise, the pre-

sumption is that he should make it good in the only practicable way by paying that amount of money.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment overruling defendant's demurrer to plaintiff's complaint affirmed, with costs.