Reed, J.,
delivered the opinion of the court.
In a certain action brought before a justice of the peace appellee ivas plaintiff and one Josie Wood was defendant. Judgment was obtained against the defendant for $115 and costs, amounting to $8.40, from which the defendant appealed to the county court, executing an appeal bond in the sum of $300 with appellant and one Nicholas Ennis as sureties. A trial was had in the county court, resulting in a judgment against the defendant for $113.33 ; execution issued, and $100 collected; $10.00 in costs were paid; failing to make the balance, suit was brought upon the appeal bond, the summons was served upon the sureties, principal not found.
The complaint contained the facts above stated and a prayer for judgment for $87.98 and interest. To which appellant filed a demurrer because “ The said complaint does not state facts sufficient to constitute a cause of action. That said eomplaintis ambiguous, unintelligible and uncertain.” There *320 was no appearance in support of the demurrer; it was overruled and judgment entered upon the evidence for 196.85 and costs, from which appeal was prosecuted to this court.
The errors assigned are, First, “ That the court erred in overruling appellant’s demurrer.”
Second, “ The judgment was contrary to the law and the evidence.”
There was no appearance or defense, consequently no exception taken to the judgment; therefore the second supposed error will not be considered.
It is suggested in the argument that the complaint was defective in not praying judgment for the full penalty of the bond; that the judgment, if any, should have been for the full penalty, and the amount due, assessed as damages, and Davis v. Wannamaker, 2 Colo. 637, is cited in support of the contention. Such was undoubtedly the practice before different forms of action were abolished. The action must then have been in debt upon the specialty; since the code there is but one form of action; all that is required of the pleader is to state in plain, unambiguous terms the facts, and the relief required. The appellee was the only obligee and beneficiary in the bond; its nature wiis such that no subsequent damages could be awarded.
The cause of action seems to have been clearly stated; if there was any error it was in entering judgment, not in the complaint.
It is urged that the court erred, as the bond was executed by “ G. M. Allen ” and the allegations in the complaint were against “ Gaines M. Allen; ” there is no question of identity —it is conceded that both are the same person. Appellant could hardly be prejudiced by being declared against by his full name.
The supposed errors are untenable and the judgment will be affirmed.

Affirmed.