(26 Misc. Rep. 49.)

### GALINGER v. ENGELHARDT et al.

(Supreme Court, Trial Term, New York County. January 16, 1899.)

1. APPEAL TO COURT OF APPEALS—BONDS—SURETIES—NOTICE.
   Code Civ. Proc. § 1309, requiring notice of entry of judgment to a surety on an appeal undertaking given on appeal to the supreme court or to the general term thereof, before suit is brought on the undertaking, does not apply where the undertaking is given on appeal to the court of appeals.

2. SAME—DISMISSAL—LIABILITY OF SURETIES FOR COSTS.
   Sureties on an undertaking given on appeal to the court of appeals are liable for the costs in such court, though the appeal was subsequently dismissed because of appellant's failure to comply with an order requiring a new undertaking, in view of Code Civ. Proc. § 1326, providing that such an appeal is perfected when such an undertaking is given.

3. SAME—LIABILITY OF SURETIES FOR JUDGMENT.
   Code Civ. Proc. § 1327, requires an appellant to the court of appeals to give an undertaking to pay the judgment if it is affirmed or the appeal dismissed, in order to stay execution; section 1334 authorizes the stay of execution and appeal undertaking to be contained in one instrument; section 1308 provides that, if an appellant does not give a new undertaking when required, "the appeal must be dismissed * * * as if the original undertaking had not been given." *Held*, that sureties on an instrument containing a stay of execution and an appeal undertaking are not liable for the judgment, where the appeal is dismissed for want of a new undertaking.

Action by George W. Galinger against Herman Engelhardt and others. Judgment for plaintiff.

Geo. W. Galinger, in pro. per.

W. Sutphen, for defendants.

McADAM, J.  The action is against the defendants as sureties upon an undertaking given on an appeal to the court of appeals from a judgment recovered against one Hammerstein, May 24, 1897, for $4,139.52, affirmed by the appellate division, November 24, 1897, with $90 costs.  Notice to the sureties of the entry of the judgment was not necessary as a condition precedent to charging the sureties as such.  The only provision requiring notice to sureties is that contained in section 1309 of the Code, which does not apply to appeals to the court of appeals, for the obvious reason that said court is the tribunal of last resort, and when that court affirms a judgment or dismisses an appeal there is no alternative for the defeated litigant and his sureties; they must pay, and, if they fail to do so, the creditor is free to enforce all his legal remedies.  Weil v. Kempf, 12 Civ. Proc. R. 379; Johnstone v. Connor, 13 Civ. Proc. R. 19; Sterne v. Talbott, 89 Hun, 368, 35 N. Y. Supp. 412.  This disposes of the first defense, and carries us to the second.  It appears that after the undertaking had been approved, to wit, on June 24, 1898, the court of appeals required Hammerstein, the appellant, to give a new undertaking within 10 days thereafter (50 N. E. 1117), and, on his failure to furnish the same, that court, on July 20, 1898, dismissed the appeal, and judgment was thereupon entered on the remittitur for $34 costs.  The sureties claim that, in consequence of the order requiring a new undertaking, followed by the order dismissing the appeal, because it was not given, they were discharged from all liability.  Appeals to the court of appeals are regulated by section 1326 of the Code, which provides that:

"To render a notice of appeal * * * effectual for any purpose, * * * the appellant must give a written undertaking to the effect that he will pay all costs and damages which may be awarded against him on the appeal, not exceeding $500.  The appeal is perfected, when such an undertaking is given and a copy thereof, with notice of the filing thereof, is served, as prescribed in this title."

The term "costs," as used in that section, refers to the costs incurred in the court of appeals, and the term "damages" to the 10 per centum upon the amount of the judgment which that court may award upon affirmance thereof.  Code, § 3251, subd. 5.  So that a defeated litigant may, in a proper case, appeal as of right to the court of appeals, on giving security only for the costs and damages which that court may award, not exceeding $500.  The costs in the court of appeals in this instance amount to $34, and the liability of the sureties on that portion of the undertaking required by section 1326 is fixed at that sum; nothing more.  The undertaking has its consideration in the attainment of the object for which it was given.  Thompson v. Blanchard, 3 N. Y. 335; Bildersee v. Aden, 62 Barb. 175.  The sureties, by their undertaking, enabled the appellant to perfect his appeal to the court of appeals, and, having attained that object, they have no defense to the $34 before referred to.  As to their liability for the amount of the judgments appealed

from, a different question arises, as the undertaking in that respect did not attain the object for which it was given. Section 1327 provides that:

"If the appeal is taken from a judgment for a sum of money * * * it does not stay the execution of the judgment * * * until the appellant gives a written undertaking to the effect, that if the judgment * * * appealed from, or any part thereof, is affirmed, or the appeal be dismissed, he will pay the sum, recovered * * * or the part thereof, as to which it is affirmed."

Section 1334 provides that:

"When two or more undertakings are required to be given, as prescribed in this title, they may be contained in the same instrument, or in different instruments, at the option of the appellant."

The undertaking in suit contained the two undertakings in one, but it must, nevertheless, be regarded, for the purpose of interpretation, as if contained in two separate instruments. So interpreted, the question of liability of the sureties for the judgments below is simplified. In Collins v. Ball, 31 Hun, 187, the respondent obtained an order requiring the appellant to file a new undertaking within 20 days thereafter. The appellant failed to comply with the order, and the respondent proceeded to execution. Upon the affirmance of the judgment the respondent brought an action against the sureties on the original undertaking, and the court held that they were not liable. The court, at page 190, said:

"The exigency or condition of the undertaking, when read in connection with the statute, was, in substance, that the sureties would pay the judgment on its affirmance if the proceedings to enforce it were stayed pending the appeal, and until such affirmance. The respondents, after obtaining the order they did at special term, had an election still to treat the undertaking as an operative instrument, or to disregard it, and proceed with the other remedy which the law in that case permitted. But we think they could not have both."

In Manning v. Gould, 90 N. Y., at page 480, the court said:

"No reason can be suggested why the respondent should be permitted to disregard the undertaking, and proceed upon the judgment as if none had been given, and yet have all the advantages that the undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal, as if no undertaking had been given, and at the same time treat it as a valid security for the payment of the judgment."

See, also, Hemmingway v. Poucher, 98 N. Y. 281; Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194.

These cases, it is true, refer to undertakings given upon appeals from the trial to the general term, in order to obtain statutory stays of proceedings, but the reasoning of the courts is so logical that it is alike applicable to similar undertakings given for a like purpose in the court of appeals. This seems so particularly in view of section 1308 of the Code, authorizing the court in which the appeal is pending to require a new undertaking, for this section expressly provides that, if the appellant fails to give the new undertaking as required, "the appeal must be dismissed * * * as if the original undertaking had not been given." It is, figuratively speaking, a summary but polite method of throwing sureties out.

The appeal was dismissed upon the sole ground that the respondent repudiated the sureties upon the undertaking, and did not want them continued as such, and, having succeeded in throwing them out, no matter how gracefully, he cannot now be allowed to treat such sureties as continuing obligors for the payment of his judgment. This seems to be the sensible and legal view of it. For these reasons there must be judgment for the plaintiff, but only for $34, the amount of the court of appeals costs.