Rabb v. Thomas.

---

## William Rabb v. Addison C. Thomas.

### Gen. No. 13,455.

1. DEBT—*form of judgment in action of.* In an action of debt the judgment should be for the penalty of the bond, to be discharged upon the payment of the damages and costs.

2. DEBT—*when action upon bond not sustained by the evidence.*
In an action upon an appeal bond, a judgment is not sustained by
the evidence where there was no proof made that there was default
in the payment of the judgment mentioned in the bond.

3. PRINCIPAL AND SURETY—*what releases latter upon appeal bond.*
Where a surety to an appeal bond is required to justify, but does
not justify, and his justification is not waived, he is released from
his obligation.

Action of debt upon bond. Error to the Municipal Court of
Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the
Branch Appellate Court at the March term, 1907. Reversed. Opin-
ion filed November 22, 1907.

CHARLES J. O'CONNOR, for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE SMITH delivered the opinion of the
court.

Plaintiff in error prosecutes this writ of error to
the Municipal Court of Chicago to reverse a judgment
rendered in that court. The bill of particulars filed
in that court states that the claim is on an appeal
bond, setting out a copy thereof. It then states: "The
breach sued for is the non-payment by the defendant
of the amount of the judgment and costs mentioned
in the bond aforesaid."

To maintain his case, the plaintiff introduced a cer-
tified copy of the appeal bond, and a transcript of a
justice of the peace showing a summons, and service
thereof by a constable, and a change of venue to an-
other justice of the peace. The plaintiff then intro-
duced a certified copy of an order of the County Court
of Cook county dismissing the appeal in the case of
Addison C. Thomas v. C. P. Eyre, in which the ap-
peal bond was given because the defendant therein
failed to comply with rule to justify on a bond, or file
a new bond.

Plaintiff in error Rabb was then called and testi-
fied he had signed such a bond as that shown by the
copy introduced in evidence.

Rabb v. Thomas.

The record shows that the attorney for the plaintiff then testified to the date of the judgment before Justice Sheldon, the amount of the interest, the justice court costs, the County Court costs paid by the plaintiff, the cost of the certified copy of the order, and the cost of the transcript. He also offered in evidence a bill of costs of the County Court. This was all the evidence offered on behalf of the plaintiff.

Thereupon the defendant demurred to the evidence, and moved to dismiss the case. The court overruled the demurrer and the motion.

The defendant put in evidence an order of the County Court entered November 13, 1906, directing the defendant in that case to justify on the appeal bond or file a new bond; and a further order of that court entered November 27, 1906, extending the time to file a new bond.

This action is for a breach of the appeal bond as stated in the bill of particulars, and the judgment, if warranted by the evidence, should have been for the amount of the debt, viz.: the penalty of the bond to be discharged by the payment of the damages and costs. Ackerman v. The People, 100 Ill. App. 125; Austin v. The People, 11 Ill. 452. The judgment shown by the record is that "the plaintiff have and recover of the defendant the said sum of two hundred and nine dollars and fifty cents ($209.50) for his damages, and also his costs and charges by him herein expended, taxed at seven dollars and ten cents ($7.10) and that he have execution therefor." This is erroneous. Russell v. City of Chicago, 22 Ill. 286.

There was no evidence offered by the plaintiff of the breach of the bond assigned and sued for. The bill of particulars states: "The breach sued for is the nonpayment by the defendant of the amount of the judgment and costs mentioned in the bond aforesaid." The record contains no evidence of the non-payment by the defendant of the judgment mentioned in the bond. This evidence was necessary to justify a recovery.

The appeal bond sued on was not a binding obligation between Thomas and Rabb. The orders of the County Court show that Thomas and the court disapproved of the appeal bond filed with the clerk. A rule was entered in the County Court against Eyre to either justify or file a new bond. Rabb was rejected as surety on the bond, and the appeal was dismissed.

Where the surety to an appeal bond given to stay proceedings on appeal from a final judgment are excepted to, and they fail or refuse to justify, and justification is not waived by the obligee, the surety are discharged from liability. The appeal from the judgment is not perfected. Galinger v. Engelhardt, 55 N. Y. Supp. 334, 336; Hemingway v. Poucher, 98 N. Y. St. 281; Collins v. Ball, 31 Hun, 187; Manning v. Gould, 90 N. Y. 476, 480; Wing v. Rogers, 138 N. Y. 361.

For the reasons given the judgment of the Municipal Court of Chicago is reversed, but the cause is not remanded.

*Reversed.*