Decree affirmed, with costs.

---

In the Matter of Opening ST. NICHOLAS TERRACE.

JOHN F. PENTZ and Others, Petitioners, Respondents, *v.* IRA SHAFER, Claimant, Appellant.

*Unopened private street — award therefor in eminent domain proceedings — apportioned among the owners of the fee and abutting owners.*

Where the naked fee of a strip of land in the city of New York called Pentz street remained in the original owners, although under certain conveyances made by such owners, the grantees therein, as abutting owners, acquired ordinary street easements over the strip, the street never having been laid down on any of the official or permanent maps of the city, nor actually laid out, the amount of an award made for a portion of the street taken by the city in proceedings instituted under the right of eminent domain to open an intersecting street, must be apportioned between the abutting owners and the owners of the fee.

*Matter of Opening Eleventh Avenue* (81 N. Y. 446), followed.

APPEAL by the claimant, Ira Shafer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1893, confirming the report of a referee and directing the payment of a fund to the petitioners.

This was a proceeding to determine the title to certain awards made to " unknown owners ", for land taken for the opening of St. Nicholas terrace, in which the petitioners, John F. Pentz and others, and the claimant, Ira Shafer, are adverse claimants to the award for certain parcels. The same petitioners and William R. Hutton and others, executors, are adverse claimants to the award for certain other parcels in another proceeding.

The questions presented are the same in both cases, and arise upon the same facts, and may be disposed of together.

Prior to January, 1863, Smith Barker, as executor and trustee under the will of John Pentz, deceased, became the owner of a tract of land which included the parcels to which the awards for damage in controversy were made, the land being included within the boundaries of a street called Pentz street, which was laid out in the year 1872 by Barker, who caused a map of the Pentz tract to be made, by which it was laid off in numbered city lots fronting on streets and avenues designated thereon.

It was conceded that Pentz street was never laid down upon any of the official or permanent maps of the city, neither upon that of 1811, made by the commissioners of streets and roads under the act of 1807, nor later upon that of 1868, made by the Central Park commissioners under chapter 697 of the Laws of 1867, nor was it ever subsequently accepted or adopted by any department of the city government ; it has never been graded or improved, nor used by the public or private owners.

St. Nicholas terrace, as laid out in 1891, intersected Pentz street, and the awards in question were made for that part of the latter street included within the lines of this terrace.

After filing the map of the Pentz tract, Barker, as executor, conveyed many of the lots embraced in said map by the numbers by which they were designated thereon, and by descriptions bounding the lots by Pentz street and One Hundred and Thirty-ninth street as laid down thereon.

By the Hutton deeds, which contain four separate descriptions, and the Kilpatrick-Shafer deeds, which contain two separate descriptions, the property is conveyed by lot numbers as appearing upon the map filed by Barker, but this is followed by a description giving the boundaries by courses and distances.

*John C. Shaw*, for the appellant.

*James A. Deering*, for the respondents.

PER CURIAM:

We are satisfied that, under the conveyances, the naked fee of the strip of land called Pentz street was retained in the Pentz estate, and under them abutting owners acquired simply the ordinary street easements over this strip, and the city having condemned these easements and the fee, that the amount awarded must be apportioned between the abutters and the owner of the fee, for the reasons and upon the principle stated in the opinion in *The Matter of Opening Eleventh Avenue* (81 N. Y. 446).

The awards, therefore, should be equitably apportioned between the owners of the fee and those persons to whose lands the easements were appurtenant. The orders should accordingly be reversed and the case sent back to the referee, in order that an apportionment may be made, with costs to appellants to be paid out of the awards.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order reversed and the case sent back to the referee, in order that an apportionment may be made, with costs to appellants to be paid out of the awards.