tageous position. While it may be that the referee could, as he claims, fairly determine the questions, uninfluenced by the fact that the plaintiff had complied with his request and the defendant had not, it cannot be said that others may not fairly doubt it. No such doubt should be allowed to exist in the absolutely fair and unbiased judgment of a judicial officer. It would be manifestly improper to compel the defendant to proceed and submit his case to the determination of this referee.

The motion will therefore be granted, the referee removed, and Edward Sandford, of 26 Exchange Place, appointed referee in his place and stead. No costs. Settle order on notice.

Motion granted.

---

### WEEKS v. NEW YORK, W. & B. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

JUDGMENT (§ 250*)—CONFORMITY TO PLEADINGS—PROOF AND VARIANCE.

　　Under the rule that judgments must be rendered in conformity with the allegations and the proofs of the parties, plaintiff, in an action for an injunction on the theory of an obstruction of a right of access to a public street, who produces evidence in support of that theory, is not entitled to relief upon the theory of interference with a private right of way, because upon the later theory the court might have granted it upon the evidence adduced.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

Appeal from Trial Term, Westchester County.

Action by Selina Weeks against the New York, Westchester & Boston Railway Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

A. P. Bachman, for appellant.

J. Addison Young (Allen Wardwell, on the brief), for respondents.

WOODWARD, J. The complaint alleged ownership of certain lots bounded on Cedar street as shown upon a map duly filed in the office of the clerk of Westchester county, and that the defendant railroad company is constructing or causing to be constructed, along the lots facing on Orchard street and across Cedar street, an embankment and tracks thereon for the purposes of its business; that the defendant City & County Construction Company is engaged in constructing such embankment; that the railroad company had caused to be erected across said Cedar street, the same being a public street, the said embankment, thus obstructing the access of this plaintiff through Cedar street to her property. The relief asked is that the defendants be enjoined from interfering with the free use of Cedar street, compelling defendants to remove the obstructions upon the street, and for damages. Upon the trial of the action, which proceeded upon the theory

---

that Cedar street was a public highway, the learned court found that Cedar street, as laid out on the map and at the point abutting the plaintiff's property, was not a public street, and gave judgment accordingly. The plaintiff appeals from the judgment entered upon such decision.

While the evidence introduced by the plaintiff in the effort to sustain her complaint might justify a holding that she had a private right of way over Cedar street as laid down upon the map by which her purchases were described, there can be no doubt that the learned court was correct in holding that she had failed to establish the cause of action alleged in the complaint. The plaintiff made no effort to amend her complaint—indeed, the principal contention on this appeal is that she has established the existence of a public highway; but it is urged, in any event, that she was entitled to some relief, and much good law is cited to show that a court of equity, having gained jurisdiction for any purpose, may afford all the relief to which the parties are entitled; but the trouble is that the plaintiff has not brought her case within these rules. She is not asking for the relief to which the facts might entitle her, but to the relief which she would be entitled to if she had established the facts to be as she alleged them, and as she attempted to prove them, and as she still insists she has proved them.

It is still the rule in this state that judgments must be rendered in conformity with the allegations and the proofs of the parties. Secundum allegata et probata is fundamental in the administration of justice. Gordon v. Ellenville & Kingston R. Co., 119 App. Div. 797, 801, 104 N. Y. Supp. 702, and authorities there cited. There is ample provision in the Code of Civil Procedure for amendment. Parties are afforded every opportunity to get their real case before the court; but where a party presents a distinct theory, produces her evidence in support of that theory, and insists that the facts necessary to that theory have been established, she is not entitled to relief because, upon another theory, the court might have granted it upon the evidence adduced.

The judgment appealed from should be affirmed, with costs. All concur.