SELINA WEEKS, Appellant, *v.* NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY et al., Respondents.

**Real property** — conveyance of lots within tract laid out into distinct lots with intersecting streets and avenues — when pur-chaser of a lot bounded by one of such streets has an easement in the street, for purposes of access, of which he cannot be deprived — effect of general finding by court, or referee, that one party is entitled to recover against another.

1. When the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit of having such streets kept open. When, in such a case, a lot is sold bounded by a street, the purchaser and his grantees have an easement in the street for the purposes of access, which is a property right, although it is not laid out as a public street.

2. Upon a trial before a court or referee an exception to a general finding of law, holding that one party is entitled to recover against the other, raises the question as to whether, upon all the facts found, the successful party was entitled to judgment.

*Weeks* v. *N. Y., W. & B. Ry. Co.*, 145 App. Div. 535, reversed.

(Argued December 10, 1912; decided December 31, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 13, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. P. Bachman* and *John Oscar Hall* for appellant. Inasmuch as plaintiff had some easements in Cedar street, the Special Term should not have given a judgment on the merits. (*Clark* v. *Scovill*, 198 N. Y. 279; *Jones* v. *Gould*, 145 App. Div. 271; *Lord* v. *Atkins*, 138

N. Y. 184; *Haight* v. *Littlefield*, 147 N. Y. 338; *Matter of Adams*, 141 N. Y. 297.)

*George S. Graham* and *Ralph Polk Buell* for respondents. The plaintiff, having tried the case upon the theory that Cedar street is a public street, cannot now claim that relief should have been granted upon the theory that she had a private right of way over Cedar street. (*Reed* v. *McConnell*, 133 N. Y. 425; *Dwyer* v. *Mayor, etc.*, 77 App. Div. 224; *Northam* v. *D. Co. Mut. Ins. Co.*, 177 N. Y. 73; *Truesdell* v. *Sarles*, 104 N. Y. 164; *Gordon* v. *E. & K. R. R. Co.*, 119 App. Div. 797.)

CHASE, J.   On July 30, 1906, the plaintiff purchased two lots of land in New Rochelle which were in part described in the deed as follows: "known and distinguished as lots numbers Fifty-seven and Fifty-eight (57 and 58) on a certain map entitled 'Map of Property belonging to W. Chalmers, J. C. Wilson and others, New Rochelle, N. Y.,' dated December, 1904, made by Horace Crosby, C. E., filed in the Westchester County Register's office, which lots are more particularly bounded and described as follows: Beginning at a point on the westerly side of Cedar street as shown on said map (detailed description omitted), to the said westerly side of Cedar street and running thence southeasterly along the said westerly side of Cedar street, Eighty-one and one one-hundredths (81.01) feet to the point or place of beginning."

The defendants subsequently became the owners of all the other lots fronting on the so-called street, north of Orchard street in said city, and they commenced the erection of an embankment across said so-called street, north of Orchard street, so as to obstruct the plaintiff's right of access to her said lots.

This action was commenced and the complaint alleges in detail the plaintiff's ownership in fee of said lots, and

the acts of the defendants, including an allegation, "That said railway company, its agents or employees, have caused to be erected across said Cedar street, same being a public street, and are now erecting said embankment so as to completely obstruct the right of access of this plaintiff through said Cedar street to her said property." The complaint demands judgment: "(1) That the defendants be enjoined and restrained from in any way interfering with the free use of said Cedar street by this plaintiff. (2) That defendants be compelled to remove from said Cedar street all obstructions now erected thereon interfering with the free access of plaintiff to her premises through said street."

The plaintiff's failure to recover a judgment protecting her right of access to said lots has apparently resulted from the extraordinary attitude of her counsel in insisting that the so-called street is a public street or highway when he was wholly unable to sustain such position. The court did, however, find the following facts:

"*Second.* That in or about the month of December, 1904, W. Chalmers, Frederick A. Steele and J. C. Wilson, at that time the owners of the so-called Maple Park tract in New Rochelle, duly filed a map of said tract, surveyed by Horace Crosby, in the office of the Register of Westchester County.

"*Third.* That the description of the premises in the deed of Chalmers et al. to plaintiff, bounds same as abutting on Cedar street as indicated on the map filed by said Chalmers et al. in December, 1904, the abutting lot being described in said deed and on said map as lot number 58.

"*Sixth.* That the defendant the City and County Contract Company is owner in fee of all the land or right of way over which the line of the defendant New York, Westchester & Boston Railway Company has been constructed, or is about to be constructed in the said Maple Park Tract, and more particularly is owner in fee of the lots 11, 12, 13 and 14, and that part of Cedar street over

which the line of the defendant, New York, Westchester & Boston Railway Company passes, and also of all of Cedar street north of Orchard street, except that portion opposite lot 58 to the center of said Cedar street.

"*Seventh.* That defendants have caused to be placed on Cedar street aforesaid near Orchard street, obstructions consisting of stone, which completely block access over Cedar street northerly from said Orchard street, and placed said stone there before the commencement of this action.

"*Tenth.* That plaintiff by the obstructions of stone aforesaid, is deprived of all access to her premises, lots 57 and 58, over said Cedar street from Orchard street, and has been so deprived before the commencement of this action.

"*Twelfth.* That plaintiff after delivery of deed to her of lots 57 and 58, used Cedar street more or less each year since, for going to and coming from said premises, to and from Orchard street.

"*Thirteenth.* That plaintiff has not at any time consented to the closing of Cedar street by defendants or their agents.

"*Fourteenth.* That at the time of delivery of deed, exhibit 1,. to plaintiff, Chalmers et al., the owners of the entire tract, still owned all the lots abutting on Cedar street north of Orchard street, and did not convey the balance of said lots until after plaintiff owned and had possession of lot 58 under the said deed and said deed was filed of record."

The plaintiff requested the court to find as conclusions of law: "14. That the proof shows that plaintiff is entitled to *some* relief and that the court should therefore have given judgment for plaintiff." "17. That plaintiff is entitled to a judgment directing defendants to remove all obstructions from Cedar street and enjoining defendants from further obstructing the said street and interfering with plaintiff's free access over Cedar street

13

to her property described in the complaint." The court refused to find the conclusions of law requested by the plaintiff, but did find that the complaint states facts sufficient to constitute a cause of action, and that the plaintiff has no adequate remedy at law. It also found that that part of Cedar street north of Orchard street is not and never has been a public street, and that the defendants are entitled to judgment dismissing the plaintiff's complaint upon the merits, and judgment was entered accordingly.

The facts found show that the plaintiff had a private easement over the so-called Cedar street. Her rights as the owner of such easement, as between herself and the defendants, are similar to the rights of an abutter upon a public street or highway.

In *Lord* v. *Atkins* (138 N. Y. 184, 191) the court say: "It is well settled that when the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit of having such streets kept open. When, in such a case, a lot is sold bounded by a street, the purchaser and his grantees have an easement in the street for the purposes of access, which is a property right." (See, also, *Reis* v. *City of New York*, 188 N. Y. 58; *India Wharf Brewing Co.* v. *B. W. & W. Co.*, 173 N. Y. 167; *Story* v. *N. Y. Elev. R. R. Co.*, 90 N. Y. 122, 165; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; Gerard on Title to Real Estate, 551, 821; Jones on Easements, § 430; Elliot on Roads and Streets, §§ 18, 144.)

Upon a trial before a court or referee an exception to a general finding of law, holding that one party is entitled to recover against the other, raises the question as to whether, upon all the facts found, the successful party was entitled to judgment. (*Hemmingway* v. *Poucher*, 98 N. Y. 281.)

The plaintiff, upon her pleadings and upon the facts

found, was entitled to a judgment recognizing her private easement and granting her some relief on account of the invasion of her rights.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J.; GRAY, WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.