THOMAS, J., dissenting.

=====

## In re NEW YORK, W. & B. RY. CO.

(Supreme Court, Appellate Division, Second Department.  June 20, 1913.)

EMINENT DOMAIN (§ 237*)—PROCEEDINGS TO ASSESS COMPENSATION—VACATION.

> An action by a property owner to restrain a railroad company from erecting an embankment in a street, cutting off access to her lot, was dismissed by the Appellate Term because the street was not shown to be a public street, and she was not entitled to recover on her pleadings for an easement in a private street. Pending an appeal to the Court of Appeals, the railroad company instituted condemnation proceedings and introduced in evidence before the commissioners the judgment roll in the former case. The commissioners reported after the Court of Appeals had reversed the former judgment, and the owner moved to set aside the condemnation proceedings. Held, that the overruling of the motion on condition that the judgment in the condemnation proceedings be not used in the trial of the injunction suit was error, since it might restrict the relief granted by the Court of Appeals, and it kept alive the valuation influenced by the reversed judgment.

> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Appeal from Special Term, Westchester County.

Condemnation proceedings by the New York, Westchester & Boston Railway Company to acquire property of Selina Weeks. From an order denying a motion to set aside the condemnation proceedings, the defendant appeals. Reversed, and motion granted.

See, also, 149 App. Div. 929, 133 N. Y. Supp. 1134.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

A. P. Bachman, of New York City, for appellant.
J. Addison Young, of New York City, for respondent.

PER CURIAM. Mrs. Weeks' action to enjoin the petitioner from erecting an embankment in Cedar street and so cutting off access to

her lots failed originally because Cedar street was not found to be a public street. Her complaint was therefore dismissed. This Appellate Division affirmed the dismissal, holding that she should have amended, as the pleadings were inconsistent with a recovery for rights or easements in a private street. 145 App. Div. 535, 129 N. Y. Supp. 888. The railroad company then took condemnation proceedings as to the rights of Mrs. Weeks, first offering her $3,000, and upon such proceedings introduced in evidence the judgment roll in Weeks v. Railroad Co.

Although at different hearings the pendency of the appeal was stated to the commissioners, they decided to proceed. The Court of Appeals on December 31, 1912, reversed the judgments of this court, holding that Mrs. Weeks had a right to relief under her complaint. 207 N. Y. 190, 100 N. E. 719. On January 10, 1913, the commissioners nevertheless filed their report (which has not been confirmed), appraising the interests of Mrs. Weeks at $1,000. She then moved to set aside the condemnation proceedings, including the report of appraisal, also for her costs. The Special Term denied her motion upon certain conditions. These were that the judgment in this condemnation proceeding should not be used upon the retrial of the main case "as affecting the question or issue in said action, whether or not Cedar street, so called, is a public highway," and also that, if Cedar street be held a public highway, then this proceeding and the offer under it be wholly set aside.

Mrs. Weeks is entitled to a retrial without being limited in her rights, as the order appealed from might restrict the relief directed by the Court of Appeals. It also kept alive and enforceable an appraisal, filed after the action of the Court of Appeals, and a valuation influenced by the judgment now reversed.

The order of the Special Term, so far as appealed from, is reversed, with $10 costs and disbursements, and motion granted, with costs of this condemnation proceeding to appellant.