WALKER v. MUELLER.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. EMINENT DOMAIN (§ 158*)—CONDEMNATION—AWARD—CONTEST—EVIDENCE.

Where plaintiff acquired certain lots abutting on certain avenues, as shown on a subdivision map of lands in a city, and later conveyed the lots to defendant, retaining the fee in the avenues, after which the lots and avenues were condemned for reservoir use, but there was no evidence that the award to defendant was made according to acreage, or that any substantial award was intended to be made for the naked fee of the avenues owned by plaintiff subject to outstanding easements, it was error, in a proceeding by plaintiff to recover a part of the award, to exclude evidence of similar conveyances of other lots in the same subdivision, which lots and avenues were taken in the same proceeding, showing that the easements thus conveyed were outstanding, and also testimony before the condemnation commissioners as to the value of the land as so platted.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 426, 428–432; Dec. Dig. § 158.*]

2. EMINENT DOMAIN (§ 158*)—CONDEMNATION PROCEEDINGS—AWARD—RIGHT TO AWARD—BURDEN OF PROOF.

In a proceeding to recover part of an award made for the condemnation of certain real property, the burden is on plaintiff to show what part of the award was made for his title.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 426, 428–432; Dec. Dig. § 158.*]

3. EMINENT DOMAIN (§ 158*)—AWARD—EVIDENCE—RECORD TITLE.

Where plaintiff conveyed certain lots, retaining the naked fee in the avenues abutting the same, subject to the public easement, and the lots and avenues were thereafter condemned without reference to the subdivision map or to the lots as shown thereon, it was competent for defendant, in resistance of plaintiff's claim for a portion of the award, to show the condition of the record title to the property, that plaintiff's fee in the avenues was subject to outstanding easements which rendered it of no market value so long as the easements remained, and that the award was based on the subdivision of the parcel into lots bounding on the avenues.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 426, 428–432; Dec. Dig. § 158.*]

Appeal from Trial Term, New York County.

Action by George H. Walker against Jacob Mueller. From a judgment for plaintiff, defendant appeals. Reversed, and final judgment directed on decision as modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Benjamin Trapnell, of New York City, for appellant.
Stephen P. Anderton, of New York City, for respondent.

LAUGHLIN, J. This is an action to recover, as for money had and received, pursuant to the provisions of section 18 of chapter 724 of the Laws of 1905, part of an award of $4,260 made to and received by the defendant for damage parcel 33 acquired by the city pursuant to said statute for the Hill View Reservoir at Yonkers. The parcel of land in question is part of a larger tract of land, all of which

was owned by one Enoch R. Ware, the trustees of whose last will and testament caused the entire tract to be subdivided into lots and a map designating it as "Richmond Park belonging to the estate of E. R. Ware, deceased," to be made by H. H. Spindler, a civil engineer, and filed in the register's office of the county of Westchester on the 2d day of August, 1890. The map showed numerous avenues, and among others, Ware avenue, 60 feet in width running in an easterly and westerly direction, and Linsly avenue, 50 feet in width running in a northerly and southerly direction. It also showed two adjoining subdivision lots numbered 24 and 25, together forming a rectangle 150 feet in width from east to west by 125 feet from north to south, and abutting on the south on Ware avenue and on the west on Linsly avenue.

On the 19th day of September, 1892, the trustees conveyed to the plaintiff those two lots, designating them, not by their numbers, but by metes and bounds, the exterior line running along the line between the lots and the avenues, and expressly conveyed all the right, title, and interest of the grantors and of said Ware at the time of his death "in and to the land embraced in the avenues in front of and adjoining the said premises in the middle line thereof subject to the right of the owners of the lots shown upon the said map to use the same as street or avenue and to whatever rights the public have in said avenue." Parcel 33 embraces the two lots and one-half of the avenues adjacent thereto.

The condemnation map was filed on the 18th day of February, 1907. On March 4th thereafter the plaintiff conveyed the lots to the defendant by the same description by which he received title, with the exception that he did not convey his interest in the fee to the avenues, and, immediately after the description of the lots, the deed contains the following:

"Together with the appurtenances and all the estate and rights of the parties of the first part in and to said premises."

This was the condition of the title, with the exception of certain liens which are not material to the decision of the question presented, when the award was made. The description of damage parcel 33 is by metes and bounds only, and the exterior line runs along the middle line of the avenues, which are specified in the description by their names as shown on said map. At the end of the description, the quantity of land embraced therein is given as follows: "Containing 0.619 acre."

The plaintiff did not appear in the condemnation proceeding; but the defendant appeared by attorney and presented evidence upon which, with that presented by the city, the award was made. The report of the commissioners recites that the award of $4,260 is the sum they ascertained and determined to be just compensation to be paid to the owners and persons interested for taking the fee to the land designated on the map as parcel 33 for the purpose specified, and that the defendant claimed to be the owner thereof, and that George H. Walker, Jr. (presumably the plaintiff), claimed to own a mortgage on the premises, and that one Speelet had a lien thereon by virtue of a

judgment, "and the persons entitled to be paid the said sum of four thousand two hundred and sixty ($4,260) dollars, are said owner, said mortgagee and said judgment creditor, but their respective interests are unknown to us." The award was duly confirmed by an order of the court on the 6th day of June, 1908. That order recites that "Jacob Mueller was the owner of the said land as aforesaid," and that said Walker was the owner of a mortgage thereon, and that said Speelet was the holder of a judgment. The record does not show what part of the premises were covered by the plaintiff's mortgage; but, since he conveyed to the defendant, it is quite probable that the mortgage was given at that time and covered only the premises conveyed. The trial court found that the award was made on the basis of acreage and on a uniform valuation for both lots and avenues, and that the plaintiff was the owner in fee of the parts of the avenues taken consisting of 0.189 of an acre; and apportioned the award between him and the defendant on that basis, by which it was found that the sum of $1,300.-71 of the award was made for the fee of the avenues. The judgment recovered by the plaintiff is for that amount, together with interest thereon from May 20, 1907.

[1] By stipulation, the trial court received, subject to a ruling to be made subsequently with respect to its competency and admissibility, evidence of similar conveyances of other subdivision lots with reference to the subdivision map, which lots and the avenues on which they bounded were also taken in the condemnation proceeding, from Ware's trustees prior to the conveyance to the plaintiff, and showing that the easements thus conveyed were outstanding, and also testimony given before the condemnation commissioners showing that the experts testified with reference to the value of the land as thus plotted; but, on deciding the issues, the court made a ruling striking out all of this evidence, and gave the defendant an exception. There is no evidence to sustain the finding that the award was made according to the acreage, or that the commissioners intended to make a substantial award for the naked fee of the avenues owned by the plaintiff, which was subject to the outstanding easements. It is manifest that the facts were fully presented to the condemnation commissioners, and that the only substantial award they intended to make was for the lots bounding on the avenues. The court was clearly in error in excluding the evidence which was received under the stipulation; but, since it is in the record, the error may be corrected without awarding a new trial.

[2, 3] The burden was on the plaintiff of showing what part of the award was made for his title. He evidently rested his claim on the description in the report of the commissioners, from which he contended that the award was according to the acreage. The report, although referring to the avenues, contained no reference to the subdivision map, or to the lots. It was therefore competent for the defendant to show the condition of the record title, which presumably was before the commissioners, and that the plaintiff's fee in the avenues was subject to the outstanding easements, which rendered it of no market value; so long as those easements remained; and it was likewise competent for the defendant to show that the evidence upon

which the award was made was based upon the subdivision of the parcel into lots bounding on the avenues. This case is distinguishable from Matter of Board of Water Supply, 73 Misc. Rep. 236, 130 N. Y. Supp. 997, affirmed 151 App. Div. 885, 135 N. Y. Supp. 1143, and 206 N. Y. 680, 99 N. E. 1118, in that here there is no evidence tending to show, or from which an inference might be drawn, that this tract of land was so plotted that the streets and avenues as laid out on the map would not have been permitted to remain and have been accepted as public streets and avenues had it not become necessary for the city to take them for acqueduct purposes. The plaintiff, who retained ownership of no abutting land to protect, as in City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592, has therefore, in the circumstances, failed to show that he was entitled to or that more than a nominal award was made for the fee. Matter of City of New York (Decatur Street) 196 N. Y. 286, 89 N. E. 829, 37 L. R. A. (N. S.) 281; Matter of the City of New York (Edgewater Road) 138 App. Div. 203, 122 N. Y. Supp. 931, affirmed 199 N. Y. 560, 93 N. E. 1120; Matter of City of New York (New Avenue) 153 App. Div. 164, 138 N. Y. Supp. 107. See, also, Matter of Mayor (Summit Avenue) 84 App. Div. 455, 82 N. Y. Supp. 1027; Weeks v. Railway Company, 207 N. Y. 190, 100 N. E. 719; Matter of St. Nicholas Terrace, 76 Hun, 209, 27 N. Y. Supp. 765, affirmed 143 N. Y. 621, 37 N. E. 635; Matter of Opening of Eleventh Ave., 81 N. Y. 436.

It follows therefore that the findings numbered VIII, IX, X, XIII, XIV, and the conclusion of law should be reversed, and a finding substituted to the effect that the plaintiff has failed to show that more than a nominal award of the total award was made for his title to and interest in the premises, and a conclusion of law substituted to the effect that the plaintiff is entitled to judgment for one dollar only, and that defendant is entitled to the costs of the action to be taxed by the clerk; and the judgment is reversed, with costs to appellant, and final judgment is directed on the decision as modified. All concur.